Case No.: 23-cv-03205-VC

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

In re: THAI MING CHIU,

     Debtor.

_____

SIMON THAI MING CHIU,

     Plaintiff and Appellant,

     v.

CHARLES LI,

     Defendant and Respondent.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**APPELLANT'S OPENING BRIEF**

[On Appeal from final order of Northern District Bankruptcy Court (San Francisco), the Honorable Hannah L. Blumenstiel presiding, Adversary Proceeding No. 22-03114; Related Bankruptcy Proceeding No. 22-30405]

Presented by:

Jeffrey A Needelman, Esq. (Cal. SBN 193892)
Jeffrey A Needelman, Attorney at Law
361 S. Main St.
Jamestown, NY 14701

Phone: 415-441-4401
Email: jneedelmanesq@sbcglobal.net

Attorney for Appellant

*TABLE OF CONTENTS*

I.      *STATEMENT OF JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

II.     *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

III.    *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

IV.     *PROCEDURAL BACKGROUND IN BANKRUPTCY COURT* . . . . . . . -12-

V.      *ISSUES ON APPEAL* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

VI.     *THE UNDERLYING UVTA ACTION* . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

        A.      *The First Amended Judgment* . . . . . . . . . . . . . . . . . . . . . . . . . . -13-
        B.      *The First Appeal (A149849)* . . . . . . . . . . . . . . . . . . . . . . . . . . -14-
        C.      *The Second Amended Judgment* . . . . . . . . . . . . . . . . . . . . . . . -14-
        D.      *The Second Appeal* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

VII.    **ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

        A.      *The Rooker-Feldman Doctrine Does Not Prevent The*
                *Bankruptcy Court From Determining Whether A State*
                *Court Judgment Is Void And Unenforceable In*
                *Disallowance Proceedings Or From Exercising Its*
                *Equitable Powers Not To Be Bound By Issue Preclusion*
                *In Avoiding, Modifying, Or Discharging State Court*
                *Judgments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

        B.      *A Judgment Under California Law Is Void, And Subject*
                *Both To Direct And Collateral Attack, When It Is*
                *Apparent From The Face Of The Judgment That The*
                *Court Granted Relief That It Had No Power To Grant* . . . . . . . . . -21-

        C.      *Transferee Liability Under California UVTA Is An*
                *Alternative To Transfer Avoidance Only If The Latter*
                *Remedy Is Unavailable* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

        D.      *The Second Amended Judgment Is Void Under*
                *California Law Because The Court Had No Authority To*
                *Grant Money Judgments Against Transferee Defendants*
                *In Addition To Setting Aside The Transfers* . . . . . . . . . . . . . . . . -27-

        E.      *The Bankruptcy Court Erroneously Dismissed The AP*
                *Proceeding Without Leave To Amend, Relying On*
                *Rooker-Feldman and Issue Preclusion* . . . . . . . . . . . . . . . . . . . -33-

VIII.   **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -37-

IX.     *CERTIFICATE OF COMPLIANCE* . . . . . . . . . . . . . . . . . . . . . . . . . . . -38-

1

### *TABLE OF AUTHORITIES*

2

***Federal Cases***

3

*Audre, Inc. v. Casey* (*In re Audre, Inc.*)
    216 B.R. 19 (B.A.P. 9th Cir. 1997) . . . . . . . . . . . .  -12-, -24-, -26-, -27-, -28-

4

*Brosio v. Deutsche Bank Nat'l Trust Co.* (*In re Brosio*),

5
    505 B.R. 903 (B.A.P 9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

6

*Brown v. Felsen*,
    442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) . . . . . . . . . . . . . . . . -29-

7

*Decker v. Tramiel* (*In re JTS Corp.*),

8
    617 F.3d 1102 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

9

*Dimidowich v. Bell Howell*,
    803 F.2d 1473 (9th Cir. 1986),

10
reh'g denied, op. modified,
    810 F.2d 1517 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . -16-, -17-

11

*District of Columbia Court of Appeals v. Feldman*,

12
    460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) . . -5--8-, -12--16-, -28-,
                                                                                  -29-, -31-, -32-

13

*EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*,

14
    719 F.2d 1426 (9th Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-

15

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) . . . . . . . . . . . . . . -14-

16

*Gruntz v. County of Los Angeles*,

17
    202 F.3d 1074 (9th Cir.2000) (en banc) . . . . . . . . . . . . . -15-, -28-, -29-, -31-

18

*Hildebrand v. Honeywell*,
    622 F.2d 179 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-, -32-

19

*In re Acequia*,

20
    34 F.3d 800 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

21

*In re Anderson*,
    149 B.R. 591 (9th Cir. BAP 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

22

*In re Burdge*,

23
    198 B.R. 773 (9th Cir. BAP 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

24

*In re Harbin*,
    486 F.3d 510 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . -6-, -14-, -15-

25

*In re Lucas Dallas, Inc.*,

26
    185 BR 810 (B.A.P. 9th Cir. 1895) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

27

*In re Pavelich*,
    229 B.R. 777 (B.A.P. 9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . -12-, -13-

28

*In re Razzi,*
    533 B.R. 469 (Bankr. E.D. Pa. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

*In re Rogstad,*
    126 F.3d 1224 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

*In re Sasson,*
    424 F.3d 864 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . -14-, -15-, -29-, -31-

*James v. Draper* (*In re James*),
    940 F.2d 46, 52 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

*Lacey v. Maricopa Cty.,*
    693 F.3d 896 (9th Cir. 2012) (en banc) . . . . . . . . . . . . . . . . . . . . . . . . -31-

*Lance v. Dennis,*
    546 U.S. 459, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) . . . . . . . . . . . . . -14-

*Lopez v. Emergency Serv. Restoration, Inc.,*
    367 B.R. 99 (9th Cir. BAP 2007) . . . . . . . . . . . . . . . . . . . . -14-, -29--31-

*Lopez v. Smith,*
    203 F.3d 1122 (9th Cir. 2000) (en banc) . . . . . . . . . . . . . . . . . . . . . . . -31-

*Magadia v. Wal-Mart Assocs.,*
    999 F.3d 668 (9th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

*Novak v. United States,*
    795 F.3d 1012 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

*Roberts v. McAfee, Inc.,*
    660 F.3d 1156 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

*Rooker v. Fidelity Trust Co.,*
    263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) . -5--8-, -12--16-, -28-, -29-, -31-, -32-

*Settlers' Hous. Serv., Inc. v. Schaumburg Bank & Trust Co., N.A.*
(*In re Settlers' Hous. Serv., Inc.*),
    568 B.R. 40, 65 (Bankr. N.D. Ill. 2017). . . . . . . . . . . . . . . . . . . . . . . . -15-

*Viceroy Gold Corp. v. Aubry,*
    75 F.3d 482 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

**State Cases**

*311 South Spring Street Co. v. Dep't of Gen. Servs.,*
    178 Cal.App.4th 1009, 101 Cal.Rptr.3d 176 (Cal. Ct. App. 2009) . . . -18--20-

*Armstrong v. Armstrong,*
    15 Cal. 3d 942, 126 Cal.Rptr. 805, 544 P.2d 941 (Cal. 1976) . . . . . . . . . . -21-

*Becker v. S.P.V. Construction Co.,*
    27 Cal.3d 489, 165 Cal.Rptr. 825, 612 P.2d 915 (Cal. 1980) . . . . . . . . . . -34-

1  *Bonfield v. Figlieno* ,
2       2008 Cal.App. Unpub. LEXIS 7398  (Cal. Ct. App., 5th Dist., No. F053701
        (unpub. opn.)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

3  *Calvert v Al Binali*
        (2018) 29 Cal.App.5th 954. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-, -22-
4
   *Carlson v Eassa*,
5       54 Cal.App.4th 684, 62 Cal.Rptr.2d 884 (Cal. Ct.  App. 1997). . . . . . -10--13-,
                                                             -17--21-, -33-, -34-, -36-, -37-
6
   *County of Ventura v. Tillett*,
7       133 Cal.App.3d 105, 183 Cal.Rptr. 741 (Cal. Ct. App. 1982). . . . . . . . . . . -34-

8  *Grados v. Shiau*,
        63 Cal.App.5th 1042, 278 Cal.Rptr.3d 358 (Cal. Ct. App. 2021) . . . . . . . . -19-
9
   *Hager v. Hager*,
10      199 Cal.App.2d 259, 18 Cal.Rptr. 696 (Cal. Ct. App. 1962). .   -20-, -33-, -34-,
                                                                             -36-
11
   *Hwang v. FedEx Office & Print Servs*.,
12      2021 Cal. App. Unpub. LEXIS 7902
        (Cal. Ct. App. Dec. 16, 2021, A160429 (unpub. opn.)). . . . . . . . . . . -21-, -37-
13
   *Jones v. World Life Research Institute*,
14      60 Cal.App.3d 836, 131 Cal.Rptr. 674 (Cal. Ct. App. 1976). . . . . . . . . . . . -26-

15 *Michel v. Williams*,
        13 Cal.App.2d 198, 56 P.2d 546 (Cal. 1936). . . . . . . . . . . . . . . . . . . . . . . . -11-
16
   *Nagel v. Westen*
17      (2021) 59 Cal.App.5th 740, 274 Cal.Rptr.3d 21 (Cal. Ct. App. 2021) . . . . -11-

18 *OC Interior Services, LLC v. Nationstar Mortgage, LLC*,
        7 Cal.App.5th 1318, 213 Cal.Rptr.3d 395 (Cal. Ct. App. 2017) . . . . -11-, -19-,
19                                                                              -20-

20 *Pacific Mutual Life Insurance Co. v. McConnell*,
        44 Cal.2d 715, 285 P.2d 636 (Cal. 1955). . . . . . . . . . . . . . . . . . . . . . . . . . -26-
21
   *People v. American Contractors Indemnity Co*.,
22      33 Cal.4th 653, 16 Cal.Rptr.3d 76, 93 P.3d 1020 (Cal. 2004). . . . . . -17-, -18-

23 *People v. Taylor*,
        48 Cal.4th 574, 108 Cal.Rptr.3d 87, 229 P.3d 12 (Cal. 2010). . . . . . . . . . . -21-
24
   *Plaza Hollister Ltd. Partnership v. San Benito*,
25      72 Cal.App.4th 1, 84 Cal.Rptr.2d 715 (Cal. Ct. App. 1999) . . . . . . . . . . . -11-

26 *Renda v. Nevarez*,
        223 Cal.App.4th 1231, 167 Cal.Rptr.3d 874 (Cal. Ct. App. 2014) . . -19-, -20-,
27                                                                             -34-, -36-

28

*Rochin v Pat Johnson Mfg. Co.*,
    67 Cal.App.4th 1228, 79 Cal.Rptr.2d 719 (Cal. Ct. App. 1998) . . . . . . . . . -18-

*Sass v. Cohen*,
    10 Cal. 5th 861, 272 Cal.Rptr.3d 836, 477 P.3d 557 (Cal. 2920) . . . . . . . . -36-

*Security Pac. Nat. Bank v. Lyon*,
    105 Cal.App.3d Supp. 8, 165 Cal.Rptr. 95
    (Los Angeles App. Dept. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

*Selma Auto Mall II v. Appellate Department*,
    44 Cal.App.4th 1672, 52 Cal.Rptr.2d 599 (Cal. Ct. App. 1996) . . . . -19-, -34--
    36-

*Stout v. Pearson*,
    180 Cal.App.2d 211, 4 Cal.Rptr. 313 (Cal. Ct. App. 1960). . . . . . . . . . . . -36-

*Talley v Valuation Counselors Group, Inc.*,
    191 Cal.App.4th 132, 119 Cal.Rptr.3d 300 (Cal. Ct. App. 2010) . . . . . . . . -27-

*Thompson Pacific Construction, Inc. v. City of Sunnyvale*,
    155 Cal.App.4th 525, 66 Cal.Rptr.3d 175 (Cal. Ct. App. 2007) . . . . . . . . . -36-

**Federal Statutes**

11 U.S.C. § 502. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-, -32-

11 U.S.C. § 502 subd. (b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

11 U.S.C. § 544. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

11 U.S.C. § 547. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

11 U.S.C. § 548. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

11 U.S.C. § 549. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

11 U.S.C. § 550. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

11 U.S.C. § 550(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

11 U.S.C. § 727. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

11 U.S.C. § 1129. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -27-

11 U.S.C. § 1141. . . . . . . . . . . . . . . . . . . . . -10--13-, -17--21-, -33-, -34-, -36-, -37-

11 U.S.C. § 1325. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

11 U.S.C. § 1328. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

28 U.S.C. § 1334(a)-(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

28 U.S.C. § 157(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

28 U.S.C. § 157(b)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -15-

28 U.S.C. § 157(b)(2)(L) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

28 U.S.C. § 158(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

**State Statutes**

Cal. Civ. Code § 3439.04(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

Cal. Civ. Code § 3439.05(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

Cal. Civ. Code § 3439.07 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

Cal. Civ. Code § 3439.07(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-, -28-

Cal. Civ. Code § 3439.08 . . . . . . . . . . . . . . . . . . . . . . . . . -10-, -28-, -29-

Cal. Civ. Code § 3439.08(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

Cal. Civ. Code § 3439.08(b) . . . . . . . . . . . . . . . . . . . . . . . . . -25-, -26-, -28-

Cal. Civ. Code § 3439.08(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

Cal. Civ. Code, § 3439.07(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

Cal. Pen. Code § 1306 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -32-

Cal. Pen. Code § 1306(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

Uniform Voidable Transfers Act (UVTA),
Cal. Civ. Code § 3439 et seq., eff. Jan 1, 2016,
(originally titled Uniform Fraudulent
Trarnsfers Act, enacted 1986)   -10-, -12-, -13-, -16-, -24--28-, -31-, -33-, -35-

**Other Authorities**

Cal Const. Art XV, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-, -23-, -30-

Cal. R. Ct. 8.1115 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -27-

Fed. R. Bankr. Proc. 3007(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

Fed. R. Bankr. Proc. 7001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

Fed. R. Bankr. Proc. 7001(2) . . . . . . . . . . . . . . . . . . . . . -9-, -12-, -20-, -21-

Fed. R. Bankr. Proc. 7001(9) . . . . . . . . . . . . . . . . . . . . . . . . . . -9-, -12-, -21-

Fed. R. Bankr. Proc. 7012(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

Fed. R. Bankr. Proc. 8002(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

1  Fed. R. Bankr. Proc. 8002(a)(1), (b)(1)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

2  Fed. R. Bankr. Proc. 8002(b)(1)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

3  Fed. R. Bankr. Proc. 8009(a)(1)(A)-(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

4  Fed. R. Bankr. Proc. 8015(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -38-

5  Fed. R. Civ. Proc. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

6  Fed. R. Civ. Proc. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -36-

7  *The California Judges Benchbook, Civ. Proc. After Trial,*
   *Judgment Granting Unauthorized Relief* (December 2020) . . . . . . . . . . . . . . . . . -23-

8  UVTA Official Comments, § 7, cmt. 7 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . -24-

9  UVTA Official Comments, § 8, cmt. 2 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . -26-

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   *STATEMENT OF JURISDICTION*

This appeal is from a final order of dismissal of an adversary proceeding (AP) related to a bankruptcy filed under Chapter 13 of Title 11 of the Bankruptcy Code; it is therefore a case related to a case arising under Title 11, over which the District Court has original jurisdiction, or a case arising directly under Title 11, over which the District Court has original jurisdiction and exclusive jurisdiction.  28 U.S.C. § 1334(a)-(b).  The AP complaint alleged that it was brought under Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9) to determine the validity of the claim of a creditor in the bankruptcy estate and to request injunctive relief respecting the validity of that claim.  (Appellant's Appendix (AA) 11.)  Appellant Simon Thai Ming Chiu submits that, under these Rules, the case arises under Title 11 and is a "core proceeding" to be referred to, and heard and determined by, bankruptcy judges in the first instance.  28 U.S.C. § 157(b)(1), (b)(2)(B).  The Bankruptcy Court disagreed that it had subject matter jurisdiction because Chiu did not allege in his AP complaint that he was proceeding under substantive provisions of the Bankruptcy Code.  (AA 113, 120-121, 125-126.)  Chiu submits in the discussion below that his AP complaint may be amended explicitly to determine whether the claim should be avoided, disallowed, discharged, or modified, thereby bringing it within the ambit of the bankruptcy court's exclusive as well as original jurisdiction.

The District Court  has jurisdiction over appeals from final orders of bankruptcy judges.  28 U.S.C. § 158(a)(1).  The Notice of Appeal was timely filed on June 14, 2023, fourteen days after the bankruptcy judge's order denying appellant's motion to reconsider, which was timely filed on April 19, 2023, within fourteen days of the bankruptcy judge's order dismissing the adversary proceeding filed on April 6, 2023 (AA 138-139).    Fed. R. Bankr. Proc. 8002(a)(1), (b)(1)(D).  The appeal was perfected by the timely filing of the Designation of Record and Statement of appealable issues on June 27, 2023 (AA 141-143).  Fed. R. Bankr. Proc. 8009(a)(1)(A)-(B).

## II.   *INTRODUCTION*

The UVTA (Uniform Voidable Transaction Act) allows avoidance of transfer as the primary remedy, or as an alternative remedy the creditor may obtain a money judgment subject to the limitations imposed by California Civil Code section 3439.08.  Either remedy puts the creditor in essentially the same position that he would have occupied had there been no fraudulent transfer.  The UVTA, however, does not authorize a creditor to invoke both remedies.

In *Li v. Chiu* (San Francisco Superior Court, Case No. CGC-14-537574) (the underlying "UVTA action"), judgment was entered against transferee defendant Thai Ming Chiu (Chiu) (debtor herein) and other transferees.  The judgment, as amended, impermissibly granted both remedies of (1) setting aside the transferred asset and permitting the creditor to seize and levy upon the asset and (2) entering money judgments against the transferee defendants.  In separate appeals, the court affirmed the first and second amended judgment.  But never in the course of appeals from the judgments did the court of appeals reach the merits of the issue of whether the judgment impermissibly granted both remedies.

In the Adversary Proceeding (AP) below, Chiu requested that the bankruptcy court determine the validity of Li's claim in his Chapter 13 bankruptcy, arising from the second amended judgment in *Li v. Chiu*.  The bankruptcy court dismissed the AP with prejudice, relying on the *Rooker-Feldman* doctrine, which holds that lower federal courts lack jurisdiction to review final state court decisions.  It also found that issue preclusion prevented reconsideration of the issue whether the second amended judgment was void and that Chiu could not possibly amend the complaint to avoid the effect of issue preclusion

In the discussion below, Chiu shows that, because State appellate courts incorrectly applied California law to determine that the money judgment was not void, an exception to the *Rooker-Feldman* doctrine for void judgments may apply.  Furthermore, the *Rooker-Feldman* doctrine is not implicated when the bankruptcy

court's original and exclusive jurisdiction is invoked to determine the validity of a State court judgment in the context of the debtors' substantive rights under the Bankruptcy Code.  Morever, under Bankruptcy Appellate Panel and Ninth Circuit cases applying more recent US Supreme Court precedent circumscribing its earlier cases of *Rooker-Feldman*, the doctrine named after those cases, as well as the non-jurisdictional affirmative defenses of res judicata and claim preclusion, do not prevent the Bankruptcy Court, in exercise of its exclusive and original jurisdiction, from avoiding, disallowing, discharging, or otherwise re-evaluating or modifying a State court judgment giving rise to a claim against the Bankruptcy estate.

The Bankruptcy Court erred when it found that the AP complaint was not cognizable as a claim objection or disallowance proceeding, that it had no discretion not to apply issue preclusion based upon the State appellate court proceedings, and that the AP complaint could not be amended to seek relief under the Bankruptcy Code's exclusive and original jurisdiction that would render it outside the scope of *Rooker-Feldman* and give the Bankruptcy Court discretion not to apply issue preclusion.

### III.   *STANDARD OF REVIEW*

The bankruptcy court's conclusions of law are reviewable de novo and its findings of fact for clear error.  *In re Burdge*, 198 B.R. 773, 776 (9th Cir. BAP 1996).  The determination of whether the bankruptcy court had subject matter jurisdiction is reviewed do novo.  *In re Anderson*, 149 B.R. 591, 593 (9th Cir. BAP 1992). The bankruptcy court's application of the *Rooker-Feldman* doctrine is a question of law.  *In re Harbin*, 486 F.3d 510, 517 (9th Cir. 2007).  The bankruptcy court's application and interpretation of California law is reviewed de novo.  *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 488 (9th Cir.1996).  The bankruptcy court's dismissal of the debtor's complaint, under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6), is subject to de novo review.  *In re Rogstad*, 126 F.3d 1224, 1228 (9th Cir. 1997).

### IV.   *PROCEDURAL BACKGROUND IN BANKRUPTCY COURT*

Debtor Chiu petitioned for relief under Chapter 13 of the Bankruptcy Code on August 10, 2022.  On October 18, 2022, creditor Li filed Claim #4 in the amount of $479,604.76 based upon the money judgment from the underlying UVTA action in *Li v. Chiu* (San Francisco Superior Court, Case No. CGC-14-537574).  (Appellant's Requests for Judicial Notice (RJN) 26-29.)

On December 19, 2022, Chiu filed an Adversary Proceeding (AP), alleged pursuant to Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9), to determine the validity of the money judgment lien related to Claim #4 on property of the bankruptcy estate (*Chiu v. Li,* AP Case No. 22-03114).  (ECF Doc. No. 1; Appellant's Appendix (AA) 11-17 ).  On January 19, 2023, Li filed a motion to dismiss.  (ECF Doc. Nos. 9-10; AA 18-37.)  On February 8, 2023, the bankruptcy court entered a tentative ruling, stating on page two (AA 47) that the court is inclined to grant the motion because it lacks subject matter jurisdiction due to the *Rooker-Feldman* doctrine, or alternatively, that the doctrine of issue preclusion bars relitigation of the state court judgment.  (ECF Doc. No. 12; AA 36-65.)  On April 6, 2023, the court entered an order dismissing the adversary proceeding, adopting the tentative ruling.  (ECF Doc. No. 33; AA 66-68.)  On April 19, 2023, Chiu filed Motion to Reconsider (ECF Doc. Nos. 47-38; AA 69-82); and on June 1, 2023, the court denied the motion.  (ECF Doc. No. 42; AA 98-99.)  Notice of Appeal was filed on June 14, 2023 (ECF Doc. No. 44; AA 138-139), taking appeal on the Order on Motion to Dismiss Adversary Proceeding (Doc# 33) and Order on Motion to Reconsider (Doc# 42).  The Statement of Election on Appeal was also filed on June 14, 2023 (ECF Doc. No. 45; AA 140); Designation of Records on June 27, 2023 (ECF Doc. No. 52; AA 141-142), and Statement of Issues on Appeal  on June 27, 2023 (ECF Doc. No. 53; AA 143).

### V.   *ISSUES ON APPEAL*

1.      Whether a void judgment is an exception to the *Rooker-Feldman*

doctrine;

      2.      Whether the *Rooker-Feldman* doctrine is not implicated in a bankruptcy claim-objection proceeding and related Adversary Proceeding;

      3.      Whether under California law a judgment is void for the granting of relief which the court has no power to grant;

      4.      Whether the state court judgment related to Claim #4 by creditor Li is void and the bankruptcy court erred in dismissing the AP.

## VI.    *THE UNDERLYING UVTA ACTION*

The background facts are taken from the California Court of Appeal opinion in *Li v. Chiu* (Cal. Ct. App., Dec. 22, 2020, A156760 [nonpub. opn.]).  (RJN 43-49.)

### A.    *The First Amended Judgment*

In 2010, Li filed a legal malpractice action against Demas Yan (Yan).  The trial court found Yan liable in a bench trial and a fourth amended judgment was entered in 2016 totaling $1,086,001.12. (RJN 43.)  Through efforts to enforce the judgment, Li learned that Yan had transferred a residential property to a wholly owned limited liability company in 2007, that in 2012 he transferred his ownership interest in the LLC to relatives, and that the property was transferred again in 2013 to a newly formed LLC with the same members holding the same proportional shares in the new LLC.  (RJN 43.)

In February 2014, Li filed the complaint in the underlying UVTA action.  (RJN 44.)  The defendants were Yan, Tina Yan and Cheuk Tin Yan (Yan's parents), Thai Ming Chiu (Chiu) and Kaman Liu (Lu) (brothers-in-law of Yan), and the two LLC's that had held title to the property.  (RJN 44.)  The complaint alleged the various conveyances were made to prevent Li from satisfying his judgment against Yan.  (RJN 44.)

Defaults were against Yan and the two LLC's, and the action proceeded to trial against the remaining defendants (the "transferee defendants").  (RJN 44.)  A jury trial was conducted in tandem with a court trial on the equitable title affirmative

defense.  (RJN 44.)  Yan testified that in July 2012, he transferred his ownership in the LLC to the transferee defendants as follows: 68.43 percent to Tina Yan; 25.83 percent to Chiu; and 5.74 percent to Liu.  (RJN 44.)  The trial court denied the transferee defendants' equitable defenses.  (RJN 44.)  The jury returned special verdicts against the defendants; and the court entered judgment, inter alia, declaring the transfers void and setting the transfers aside, permitting Li to levy on the property; and in addition, money judgments were entered based on the ownership percentage transferred to each transferee defendant: $824,180.57 against Yan's parents, $324,167.58 against Chiu, and $72,037.24 against Liu.(RJN 44.)  A first amended judgment was entered after the trial court granted Li's request for attorney fees in the amount of $802,059.50.  (RJN 44.)

### B.    *The First Appeal (A149849)*

Two issues were raised on appeal by the transferee defendants: (1) that the trial court erred in granting Li's motions in limine preventing defendants from presenting certain evidence; and (2) that it was error to award attorney fees against the transferee defendants because they were not parties to the earlier action between Li and Yan and they cannot be liable for attorney fees incurred to enforce the judgment in the earlier action.  (RJN 44.)  The Court of Appeal found in favor of the transferee defendants on the second issue and directed the trial court to enter a new amended judgment providing that the attorney fees award was to be imposed solely against defendant Yan.  (RJN 44.)  The court reasoned that absent a finding of conspiracy, there is no basis to impose attorney fees on the transferee defendants for fees incurred in enforcing a judgment against Yan.  (RJN 44.)  In all other respects, the judgment was affirmed (Cal. Ct. App., May 31, 2018,  A149849 [nonpub. opn.] at *22; RJN 42).    (RJN 44.)

### C.    *The Second Amended Judgment*

On November 16, 2018, the trial court issued the second amended judgment (SAJ) (RJN 26-29) as follows:

"A.    Judgment of $824,180.57 is hereby entered jointly against Cheuk Tin Yan and Tina Yan.

"B.    Judgment of $324,167.58 is hereby entered against Thai Ming Chiu.

"C.    Judgment of $72,037.24 is hereby entered against KaMan Liu.

"D.    The real property referred to herein is situated in the State of California, City and County of San Francisco . . . . It is referred to herein as the 'Subject Property.'

"E.    Default judgment is hereby entered against defendants Demas Yan and 547 23rd Avenue, LLC. The transfer of the Subject Property from defendant Demas Yan to defendant 547 23rd Avenue, LLC . . . is fraudulent, void, and hereby set aside to the extent necessary to satisfy plaintiff's judgment against defendant Demas Yan in Charles Li v. Demas Yan, San Francisco Superior Court No. CGC-10-497990 . . . ('Underlying Judgment') . . . .

"F.    The transfer of Demas Yan's membership interests in 547 23rd Avenue, LLC, from defendant Demas Yan to defendants Thai Ming Chiu, Kaman Liu, and Tina Yan was made with the intent to hinder, delay, or defraud plaintiff; was received without good faith and not in exchange for reasonably equivalent value; and is hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment;

"G.    Default judgment is hereby entered against defendants 547 23rd Avenue, LLC and 547 Investments, LLC. The conveyance of the Subject Property from 547 23rd Avenue, LLC to defendant 547 Investments LLC . . . is fraudulent, void, and hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.

"H.    For the purpose of satisfying plaintiff's Underlying Judgment, along with the costs and attorneys' fees specified in this Judgment, and for that purpose only, Demas Yan is declared the sole owner of all legal and equitable title or interest in the Subject Property. Plaintiff may execute or foreclose on the Subject Property to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.

"I.    Plaintiff may seize, execute on, or foreclose on any real or personal property of any defendant provided that recovery against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that plaintiff's aggregate recovery shall not exceed plaintiff's Underlying Judgment.

"J.    The Court hereby Orders all defendants to do the following in relation to the Subject Property: (1) maintain, receive, and collect all rents, security deposits, and other rental or lease payments in the ordinary course of business; (2) maintain and continue payment on all required taxes, fees, mortgages, reasonable insurance, and reasonable expenses in the ordinary course of business; (3) secure and maintain all

books, documents, and records relating to the matters in (1) and (2) in this Section, and render an accounting of the same upon request by plaintiff.

"K.    The Court hereby enjoins all defendants from doing the following in relation to the Subject Property: (1) committing or permitting any waste on the Subject Property; (2) committing or permitting any act in violation of law; (3) removing, encumbering, wasting, or otherwise disposing of any of the fixtures on the property; (2) selling, transferring, disposing, encumbering, concealing, or otherwise transferring the Subject Property without a prior court order; and (3) doing any act that will impair the preservation of the Subject Property or plaintiff's interest in the Subject Property.

"L.    Costs of $12,543.04 and attorneys' fees of $1,141,383.50 are hereby awarded to plaintiff. Plaintiff's recovery pursuant to Paragraph I above may be increased to include these amounts, provided that attorneys' fees may only be recovered against Demas Yan."

(RJN 45-46 [internally quoting SAJ].)

### D.    *The Second Appeal*

On December 20, 2018, the transferee defendants filed a motion to set aside the second amended judgment.  On February 6, 2019, the trial court denied the motion.  (RJN 46.)  Transferee defendants appealed.  (RJN 46.)  The issue on appeal was whether the money judgments were void as relief granted beyond what is authorized under the UVTA.  (RJN 46.)  The court of appeal affirmed (Li v. Chiu, Cal. Ct. App. Dec. 22, 2020, A156760 [nonpub. opn.].)  (RJN 46.)

The court relied on *People v. American Contractors Indemnity Co*., 33 Cal.4th 653, 16 Cal.Rptr.3d 76, 93 P.3d 1020 (Cal. 2004) (*American Contractors*), stating in the decision:

"The transferee defendants rely on *311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009 for the position that a judgment granting excessive relief may be collaterally attacked as void even if the issue was not raised in a prior appeal from the judgment.  *311 South Spring Street Co.* held that a judgment imposing an unconstitutional postjudgment interest rate of 10 percent on a state agency (rather than 7 percent as provided in Cal. Const., art. XV, § 1 and Gov. Code, § 965.5) was void and subject to collateral attack because the trial court had acted in 'excess of [its] jurisdiction . . . .' (*311 South Spring Street Co*., at pp. 1015, 1018.)  This holding appears to conflict with the

-16-

California Supreme Court's holding in *American Contractors* that '*[w]hen a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is [not void but] merely voidable.*' (*American Contractors, supra*, 33 Cal.4th at 661.) We decline to follow *311 South Spring Street Co*."

(RJN 48 [*Li v. Chiu*, A156760, at *11] [emphasis added].) The court further noted, "Because we find the judgment is not void on its face, and therefore affirm the trial court's denial of the defendants' motion to set aside the judgment as void, we need not address the merits of the transferee defendants' collateral attack on the judgment." (RJN 47 [*Li v. Chiu*, A156760, at *9 n.3].)

## VII.   ARGUMENT

### A.   *The Rooker-Feldman Doctrine Does Not Prevent The Bankruptcy Court From Determining Whether A State Court Judgment Is Void And Unenforceable In Disallowance Proceedings Or From Exercising Its Equitable Powers Not To Be Bound By Issue Preclusion In Avoiding, Modifying, Or Discharging State Court Judgments*

The *Rooker-Feldman* doctrine holds that lower federal courts lack jurisdiction to review final state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

An exception to *Rooker-Feldman* applies when the state proceeding is a legal nullity and void ab initio. *In re Pavelich*, 229 B.R. 777, 783 (B.A.P. 9th Cir. 1999) (*Pavelich*). In *Pavelich,* the court held that a state court's judgment holding a debtor liable on a discharged debt is void ab initio, and that the bankruptcy court erred when it ruled that the *Rooker-Feldman* doctrine stripped it of jurisdiction to consider whether the state court's judgment was void ab initio and whether the discharge injunction had been violated." *Id*. at 783. The *Pavelich* court stated: "We emphasize that the proposition we decide here is narrow. One must be careful to distinguish between what state courts can do with respect to the discharge itself and what they can do with respect to excepting a particular debt from discharge. While

they have no authority to vary the terms of the discharge, they have considerable authority to except particular debts from discharge." *Id*. at 783.  The "narrow" issue refers to what the court can do with respect to the discharge itself versus excepting a particular debt from discharge.  The *Pavelich* court does not hold that the only exception to the *Rooker-Feldman* doctrine is when a judgment violates a discharge injunction, but rather, that it is a general proposition that a void order is an exception to the *Rooker-Feldman* doctrine, citing to *Audre, Inc. v. Casey* (*In re Audre, Inc.*) 216 B.R. 19 (B.A.P. 9th Cir. 1997) (*Audre*) and *James v. Draper* (*In re James*), 940 F.2d 46, 52 (3d Cir. 1991) (*James*).

In *James*, the court held that a void judgment is an exception to the *Rooker-Feldman* doctrine, stating  that "once validly entered in a court of competent jurisdiction, a judgment is considered valid until overturned . . . .  There appears to be only one exception . . . when the state proceedings are considered a legal nullity and thus void ab initio. . . .  Because a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests."  *James*, *supra*, 940 F.2d at 52.

In *Audre*, the creditors filed proof of claims against the debtor parent company based upon a state court judgment.  The debtor moved to have the claims disallowed or estimated as $0, contending that the judgment was void ab initio.  The bankruptcy court denied the motion, finding that (1) the claim was neither contingent nor unliquidated; and (2) estimation or disallowance would be an improper federal collateral attack on a state court judgment in violation of the *Rooker-Feldman* doctrine.  *Audre, supra*, 216 B.R. at 22.  On appeal, the *Audre* court inquired as to whether the state court judgment was void under state law; the court reasoned that it has the authority to make such an inquiry, stating that: "If a federal bankruptcy court were to intervene in a state court judgment, it could only do so if the state proceedings were void ab initio: a void judgment being one which from its inception was a complete nullity and without legal effect."  *Id*. at 27-29.  The court found that

the state court judgment was not void ab initio, and that the *Rooker-Feldman* doctrine did apply. *Id*. at 28.

The decision in *Audre* -- that the *Rooker-Feldman* doctrine precluded the bankruptcy court from disallowing a state court judgment unless void ab initio -- was overruled in *Lopez v. Emergency Serv. Restoration, Inc.*, 367 B.R. 99, 104 n.2 (9th Cir. BAP 2007) (*Lopez*).  In *Lopez,* the court reconsidered the *Rooker-Feldman* doctrine in light of more recent US Supreme Court precedents of *Exxon Mobil Corporation v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 284, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) and *Lance v. Dennis*, 546 U.S. 459, 126 S.Ct. 1198, 1201–03, 163 L.Ed.2d 1059 (2006).  *Lopez*, 367 B.R. at 103-04.  It held that the *Rooker-Feldman* doctrine should not be conflated with issue-preclusion, that the doctrine has no application in a bankruptcy claim-objection proceeding, and that the bankruptcy court has discretion not to apply issue preclusion to such proceedings on equitable grounds.  *Lopez*, 367 B.R. at 102.  *Lopez* overruled prior BAP precedents such as *Audre*, applying the *Rooker-Feldman* doctrine beyond its narrow reach.  See *In re Harbin*, *supra*, 286 F.3d at 519 n.6 ("[*Audre*] considered a debtor's motion to disallow or estimate at a low value a judgment obtained by a creditor in state trial court, and concluded that the *Rooker-Feldman* doctrine prevented the bankruptcy court from granting such a motion.  The Bankruptcy Appellate Panel recently overruled *Audre* on this point."); see also *In re Sasson*, 424 F.3d 864, 871 (9th Cir. 2005) ("The Rooker-Feldman doctrine has little or no application to bankruptcy proceedings that invoke substantive rights under the Bankruptcy Code or that, by their nature, could arise only in the context of a federal bankruptcy case.  In the exercise of federal bankruptcy power, bankruptcy courts may avoid state judgments in core bankruptcy proceedings, see, e.g., 11 U.S.C. §§ 544, 547, 548, 549, may modify judgments, see, e.g., 11 U.S.C. §§ 1129, 1325, and, of primary importance in this context, may discharge them, see, e.g., 11 U.S.C. §§ 727, 1141, 1328.").

To the extent that the *Audre* court did indeed inquire into whether the family

law judgment at issue was void under state law, 216 B.R. at 28, that aspect of the opinion has not been overruled.  The *Audre* decision was overruled, despite its finding that the state court judgment was not void, because as the court in *Harbin* stated, the *Rooker-Feldman* doctrine "has no application" when "the bankruptcy court has authority to void, modify, or discharge state court judgments."  *Harbin, supra,* 486 F.3d at 519 (citing *Gruntz v. County of Los Angeles*, 202 F.3d 1074, 1079 (9th Cir.2000) (en banc)); accord, *In re Sasson*, *supra*, 424 F.3d at 871.  "Congress has explicitly given the bankruptcy court jurisdiction to consider questions concerning confirmation of a debtor's plan, and in doing so to estimate the various claims and interests against the debtor's estate."  *Harbin, supra,* 486 F.3d at 519 (citing 28 U.S.C. § 157(b)(2)(B) & (L)).

The bankruptcy code confers jurisdiction to the bankruptcy court to determine an objection to a claim based on all applicable law; hence, the court has authority to determine if a judgment is void under California law.  11 U.S.C. § 502 subd. (b)(1) ("If such objection is made, the court shall determine the amount of such claim and shall allow such claim in such amount, except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."); see also *Settlers' Hous. Serv., Inc. v. Schaumburg Bank & Trust Co., N.A.* (*In re Settlers' Hous. Serv., Inc.*), 568 B.R. 40, 65 (Bankr. N.D. Ill. 2017) ("secured claim disallowed to extent it asserts rights under a mortgage that is void because of fraud in the execution.")

12-2

Further, the *Rooker-Feldman* doctrine is not implicated in an adversary proceeding related to a claim objection.  Federal Rule of Bankruptcy Procedure 3007(b) provides that:  "A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding."  Federal Rule of Bankruptcy Procedure 7001(2) provides that a proceeding to determine the validity, priority, or

extent of a lien or other interest in property is an adversary proceedings.  See *Brosio v. Deutsche Bank Nat'l Trust Co*. (*In re Brosio*), 505 B.R. 903, 913 (B.A.P. 9th Cir. 2014) ("[A] proof of claim filed by a creditor is conceptually analogous to a civil complaint, an objection to the claim is akin to an answer or defense and an adversary proceeding initiated against the creditor that filed the proof of claim is like a counterclaim."); *In re Razzi*, 533 B.R. 469, 479 n.8 (Bankr. E.D. Pa. 2015) ("To the extent that the [claim] objector's request that a prior state-court judgment be disregarded is perceived as a defensive request for relief, *Rooker-Feldman* arguably is not implicated.")

Here, Chiu's AP complaint alleged that it was proceeding under Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9) to determine the validity of the state court judgment lien on property of the estate.  (AP at p. 1; AA 11.)  The bankruptcy court has jurisdiction to hear the AP and determine the money judgment to be void under California law or disallow its effect under equitable principles.  While the complaint fails to cite the statutes conferring jurisdiction, the omission should not defeat jurisdiction if the facts alleged satisfy the jurisdictional requirements of the statute.  *Hildebrand v. Honeywell*, 622 F.2d 179, 181 (5th Cir. 1980).  Although it did not explicitly allege that it was proceeding under Bankruptcy Code provisions that would have conferred exclusive and original jurisdiction, the complaint may be so amended.  (See *Infra* § VII.E.)

**B.** ***A Judgment Under California Law Is Void, And Subject Both To Direct And Collateral Attack, When It Is Apparent From The Face Of The Judgment That The Court Granted Relief That It Had No Power To Grant***

When interpreting state law, a federal court is bound by the decision of the highest state court.  *Dimidowich v. Bell Howell*, 803 F.2d 1473, 1482 (9th  Cir. 1986), reh'g denied, op. modified, 810 F.2d 1517 (9th Cir. 1987).   In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other

jurisdictions, statutes, treatises, and restatements as guidance.  *Id.* at 1482.   The issue of whether a judgment is void on its face is a question of law.  (*Calvert v Al Binali* (2018) 29 Cal.App.5th 954, 961.)

The California Supreme Court has held that collateral attack is proper to contest a judgment void on its face for lack of personal or subject matter jurisdiction or *the granting of relief which the court has no power to grant*.  *Becker v. S.P.V. Construction Co.*, 27 Cal.3d 489, 493, 165 Cal.Rptr. 825, 827, 612 P.2d 915, 917 (Cal. 1980) (*Becker*); *Armstrong v. Armstrong*, 15 Cal. 3d 942, 950, 126 Cal.Rptr. 805, 809, 544 P.2d 941, 945 (Cal. 1976) (*Armstrong*) ("Collateral attack is proper to contest lack of personal or subject matter jurisdiction or the granting of relief which the court has no power to grant.").  In 2020, the California Supreme Court in *Sass v. Cohen*, 10 Cal. 5th 861, 872, 272 Cal.Rptr.3d 836, 845, 477 P.3d 557, 565, cited to *Becker* with approval.

California appellate decisions follow the rule enunciated by the California Supreme Court.  See, e.g. *Talley v Valuation Counselors Group, Inc.* 191 Cal.App.4th 132, 153, 119 Cal.Rptr.3d 300, 316 (Cal. Ct. App. 2010) ("Common examples of void judgments or orders that must be set aside on collateral attack, as invalid on the face of the record, are those in which the judgment is beyond the complaint's prayer, or otherwise grants excessive relief."); *311 South Spring Street Co. v. Department of General Services*, 178 Cal.App.4th 1009, 1018, 101 Cal.Rptr.3d 176, 182 (Cal. Ct. App. 2009) ("[W]e define a judgment that is void for excess of jurisdiction to include a judgment that grants relief which the law declares shall not be granted."); *Thompson Pacific Construction, Inc. v. City of Sunnyvale*, 155 Cal.App.4th 525, 538, 66 Cal.Rptr.3d 175, 186 (Cal. Ct. App. 2007) ("Even where there is jurisdiction over the parties and the general subject matter, fundamental jurisdiction may be absent when a trial court purports to grant relief that it has no authority to grant."); *Plaza Hollister Ltd. Partnership v. San Benito*, 72 Cal.App.4th 1, 20, 84 Cal.Rptr.2d 715, 728 (Cal. Ct. App. 1999) ("The granting of

relief, which a court under no circumstances has any authority to grant, has been considered an aspect of fundamental jurisdiction for the purposes of declaring a judgment or order void."); *Rochin v Pat Johnson Mfg. Co*., 67 Cal.App.4th 1228, 1239-40, 79 Cal.Rptr.2d 719, 726 (Cal. Ct. App. 1998) ("A judgment void on its face because rendered when the court . . . exceeded its jurisdiction in granting relief which the court had no power to grant, is subject to collateral attack at any time. . . . for such a judgment is a nullity and may be ignored. . . .  The doctrine of res judicata is inapplicable to void judgments."); *Carlson v Eassa*, 54 Cal.App.4th 684, 696, 62 Cal.Rptr.2d 884, 892 (Cal. Ct.  App. 1997) (quoting *Selma Auto Mall II v. Appellate Department*, 44 Cal.App.4th 1672, 1683-84, 52 Cal.Rptr.2d 599, 606 (Cal. Ct. App. 1996)) ("As one court has suggested, 'the mere fact that the court has jurisdiction of the subject matter of an action before it does not justify an exercise of a power not authorized by law, or a grant of relief to a party that the law declares shall not be granted.' "); *Jones v. World Life Research Institute*, 60 Cal.App.3d 836, 847, 131 Cal.Rptr. 674, 681 (Cal. Ct. App. 1976) ("If a court grants relief, which under no circumstances it has any authority to grant, its judgment is to that extent void." (Internal quotes and cites omitted)).

Treatises also reiterate the California rule on void judgments.  See e.g., *The California Judges Benchbook, Civ. Proc. After Trial § 3.9, Judgment Granting Unauthorized Relief* (December 2020): "A judgment is void to the extent it grants relief that a judge has no authority to grant . . . , *e.g*., an award of costs or attorney's fees not authorized by law . . ., or an award of postjudgment interest in excess of 7 percent, which is the limit on postjudgment interest imposed by Cal Const art XV, § 1 . . . ."  (Citations omitted).  A judgment made void for excess of jurisdiction, because of the "grant of relief to one of the parties which the law declares shall not be granted," is to be distinguished from a judgment in which the relief granted is simply in excess of the amount to which a party is otherwise entitled under the law applicable to his cause of action.  *Jones*, *supra*, 60 Cal.App.3d at 848, 131 Cal.Rptr.

at 682.

The doctrine of res judicata does not apply to void judgments. *311 South Spring Street Co., supra*, 178 Cal.App.4th at 1015, 101 Cal.Rptr.3d at 180. A void judgment "is simply a nullity, and can be neither a basis nor evidence of any right whatever." *OC Interior Services, LLC v. Nationstar Mortgage, LLC*, 7 Cal.App.5th 1318, 1330, 213 Cal.Rptr.3d 395, 405 (Cal. Ct. App. 2017). The affirmance of a void judgment upon appeal is in itself void by reason of the nullity of the judgment appealed from. *Hager v. Hager*, 199 Cal.App.2d 259, 261, 18 Cal.Rptr. 696-97 (Cal. Ct. App. 1962) ("The affirmance of a void judgment upon appeal imparts no validity to the judgment, but is in itself void by reason of the nullity of the judgment appealed from."). So is an order denying a motion to vacate a void judgment that gives effect to a void judgment. *Rochin*, *supra*, 67 Cal.App.4th at 1240, 79 Cal.Rptr.2d at 726; *Security Pac. Nat. Bank v. Lyon*, 105 Cal.App.3d Supp. 8, 13, 165 Cal.Rptr. 95, 98 (Los Angeles App. Dept. 1980) (An order giving effect to a void judgment is itself void and is subject to attack.).

## C. *Transferee Liability Under California UVTA Is An Alternative To Transfer Avoidance Only If The Latter Remedy Is Unavailable*

California adopted the Uniform Voidable Transactions Act (UVTA), effective January 1, 2016. The UVTA changes the title of the Act and is not a comprehensive revision. See *Nagel v. Westen* (2021) 59 Cal.App.5th 740, 747, 274 Cal.Rptr.3d 21, 25-26 (Cal. Ct. App. 2021) ( "The UVTA is a contemporary retooling of the common law remedies available to unsecured creditors seeking payment from debtors who evade collection. . . . Originally enacted as the Uniform Fraudulent Transfer Act in 1986, its retitling in 2016 reflected the Legislature's intent to reduce misconceptions that the law requires proof of fraudulent intent. Little else changed in substance.").

The primary relief provided to a creditor is avoidance of transfer. See UVTA Official Comments, § 7, cmt. 7 (2014) ("If a transfer or obligation is voidable under

§ 4 or § 5, the basic remedy provided by this Act is its avoidance under subsection (a)(1).") The UVTA is codified under California Civil Code Section 3439 et seq. Section 3439.04 provides in relevant part:

> (a)  A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:  (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.  (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation. . . .

Section 3439.05 provides in relevant part:

> (a) A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

The reliefs available to a creditor are enumerated in section 3439.07:

> (a) In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in Section 3439.08, may obtain: (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim. (2) An attachment or other provisional remedy against the asset transferred or other property of the transferee . . . . (3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure, the following: (A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or other property of the transferee. (B) Appointment of a receiver to take charge of the asset transferred or other property of the transferee. (C) Any other relief the circumstances may require.

California Civil Code section 3439.08 provides in relevant part:

> (a) A transfer or obligation is not voidable under paragraph (1) of subdivision (a) of Section 3439.04, against a person that took in good faith and for a reasonably equivalent value given the debtor or against any subsequent transferee or obligee.
> (b) To the extent a transfer is avoidable in an action by a creditor under paragraph (1) of subdivision (a) of Section

1
2
3
4
5

3439.07, the following rules apply: (1) Except as otherwise provided in this section, the creditor may recover judgment for the value of the asset transferred, as adjusted under subdivision (c), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against the following: (A) The first transferee of the asset or the person for whose benefit the transfer was made.

6
7

The UVTA Official Comments, § 8, cmt. 2 (2014) provide an example on the application of § 3439.08 subd. (b):

8
9
10
11

For example, suppose that X transfers property to Y in a transfer voidable under this Act, and that Y later transfers the property to Z, who is a good-faith transferee for value. In general, C-1, a creditor of X, would have the right to a money judgment against Y pursuant to § 8(b), but C-1 could not recover under this Act from Z, who would be protected by § 8(b)(1)(ii)(A).

12
13
14
15
16
17
18
19
20
21

The UVTA's primary remedy of avoidance of transfer and alternative remedy of a money judgment against a transferee is consistent with Bankruptcy Code section 550(a), which provides that "to the extent that a transfer is avoided . . . the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property."  California Civil Code section 3439.08(b) is derived from Bankruptcy Code section 550(a).  See UVTA Official Comments, §8, cmt. 2 (2014); see also *In re Lucas Dallas, Inc.*, 185 BR 801, 810 (B.A.P. 9th Cir. 1895) (Because California Civil Code section 3439.08(b) is derived from Section 550(a) of the Bankruptcy Code, cases construing the Bankruptcy Code counterparts are persuasive authority due to the similarity of the laws in this area.)

22
23
24
25
26
27
28

Under the UVTA as well as 11 USC section 550, a personal money judgment against a transferee is not authorized unless the asset transferred cannot be recovered.  See *In re Acequia*, 34 F.3d 800, 812 (9th Cir. 1994) ("Section 550(a) is intended to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred."  (Citations omitted)); *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1111 (9th Cir. 2010) ("Section 550 of the Bankruptcy Code authorizes a trustee, after avoiding a fraudulent transfer . . . to recover the property

1  transferred or the value of the property for the benefit of the bankrupt estate. . . .

2  The purpose of § 550 is to restore the estate to the financial condition it would have

3  enjoyed if the transfer had not occurred."  (Internal citations and quotations

4  omitted)); see also *Renda v. Nevarez*, 223 Cal.App.4th 1231, 1238, 167 Cal.Rptr.3d

5  874, 879 (Cal. Ct. App. 2014) ("The primary remedy in an action for fraudulent

6  conveyance is a declaration that the fraudulent conveyance is void as to the

7  judgment creditor. In other words, the remedy sought is to return the property

8  fraudulently conveyed to its prior status of ownership thereby bringing it within

9  reach of the judgment creditor of the fraudulent transferor."  (Internal citation and

10  quotes omitted)).

11          **D.    *The Second Amended Judgment Is Void***
                  ***Under California Law Because The Court***
12                ***Had No Authority To Grant Money***
                  ***Judgments Against Transferee Defendants***
13                ***In Addition To Setting Aside The Transfers***

14          Paragraphs E through G and I of the Second Amended Judgment (SAJ) in the

15  underlying UVTA action declared the transfers void, set aside the transfers to the

16  extent necessary to satisfy plaintiff's underlying judgment, and permitted the

17  plaintiff to levy on the property.  (RJN 27-29, 45.)  The SAJ has provided the

18  remedy of avoidance of transfers, restoring the property conveyed to its prior status

19  of ownership.  The additional money judgments against the transferee defendants

20  (paragraphs A through C of SAJ; RJN 27, 45) constitute the granting of relief which

21  the court had no power to grant under the UVTA.

22          *Bonfield v. Figlieno*  2008 Cal.App. Unpub. LEXIS 7398 (Cal. Ct. App., 5th

23  Dist., No. F053701 (unpub. opn.)) (*Bonfield*)[1] is a case with facts almost identical to

24

25          [1]  California courts are prohibited from citing unpublished Court of Appeal
    decisions.  Cal. R. Ct. 8.1115. That prohibition does not apply to federal courts to
26  the extent an unpublished decision indicates how California courts might address a
    particular issue. See *Magadia v. Wal-Mart Assocs.*, 999 F.3d 668, 681 n.12 (9th Cir.
27  2021) (Although these decisions are unpublished with no precedential value, we
    may still consider them to interpret California law.); *Roberts v. McAfee, Inc.*, 660
28  F.3d 1156, 1167 n.6 (9th Cir. 2011) (The Ninth Circuit is "not precluded" from
    considering such decisions "as a possible reflection of California law.).

that in *Li v Chiu,* except that the assets were personal properties rather than real

property.  (RJN 50-59.)  In *Bonfield*, the creditor Bonfield obtained a judgment

against debtor Salak and subsequently filed a fraudulent transfer lawsuit and

obtained a default judgment against the transferees.  (RJN 51-52.)  The judgment (1)

authorized Bonfield to levy execution against eight horses transferred by Salak to

Transferees and (2) Transferees were jointly and severally liable to Bonfield for

$300,213.42, plus interest and costs.  (RJN 52.)  Transferees appealed.  (RJN 53.)

On appeal, the court held that the money judgment was void as a matter of law under

the UFTA.[2]  (RJN 50, 57-58.)  The *Bonfield* court stated:  "We conclude that the

judgment is void as a matter of law because the rendering court granted relief it had

no authority to grant. The judgment should not have granted Bonfield a double

recovery in the form of (1) the right to levy execution on the fraudulently transferred

assets and (2) a money judgment of over $300,000."  (RJN 50.)  The Court

explained its decision:

> Civil Code section 3439.07 sets forth the relief that a
> creditor bringing a fraudulent transfer case may obtain
> under the UFTA. Subject to the limits contained in Civil
> Code section 3439.08, a creditor may obtain "[a]voidance
> of the transfer . . . to the extent necessary to satisfy the
> creditors claim." (Civ. Code, § 3439.07, subd. (a)(1).)
> Where a creditor has obtained a judgment against a
> transferor-debtor . . . "the creditor may levy execution on
> the asset transferred or its proceeds." (Civ. Code, §
> 3439.07, subd. (c).)  Subdivision (b) of Civil Code section
> 3439.08 addresses judgments that a creditor may obtain
> against a transferee: "Except as otherwise provided in this
> section, to the extent a transfer is voidable in an action by a
> creditor under paragraph (1) of subdivision (a) of Section
> 3439.07, the creditor may recover judgment for the value
> of the asset transferred, as adjusted under subdivision (c),
> or the amount necessary to satisfy the creditors claim,
> whichever is less. The judgment may be entered against
> the . . . [¶] . . . first transferee of the asset . . . . "
> Subdivision (c) of Civil Code section 3439.08 provides
> that "[i]f the judgment under subdivision (b) is based upon
> the value of the asset transferred, the judgment shall be for
> an amount equal to the value of the asset at the time of the

---

[2]  The UFTA is applicable to *Li v Chiu* because the alleged transfers occurred
before the enactment of the UVTA in 2016.

1
2
3
4

> transfer, subject to adjustment as the equities may require. The UFTA allows a creditor to levy execution on the fraudulently transferred assets or obtain a money judgment subject to the limitations imposed by Civil Code section 3439.08.  Either remedy puts the creditor in essentially the same position that he or she would have occupied had there been no fraudulent transfer.  *The UFTA, however, does not authorize a creditor to invoke both remedies*."

(RJN 58 [*Bonfield*, F053701, at *28-29] [emphasis added].)

In *Bonfield,* the court declared the money judgment void on its face as relief granted which the court had no power to grant.  (RJN 57 [citing *Rochin v. Pat Johnson Manufacturing Co.*, *supra*, 67 Cal.App.4th at 1239, 79 Cal.Rptr.2d at 726].)  The *Bonfield* court applied the correct California law which should be applied as well in *Li v Chiu.*  When so applied, it is apparent that the money judgments against the transferee defendants in *Li v Chiu* are facially void.

In the second appeal in *Li v. Chiu* (Cal. Ct. App., A156760), the court of appeal affirmed the SAJ but in doing so, applied the wrong law.  (RJN 48.)  The court observed that Chiu and other transferee defendants had relied "on *311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009 for the position that a judgment granting excessive relief may be collaterally attacked as void even if the issue was not raised in a prior appeal from the judgment."  (RJN 48 [*Li v. Chiu*, A156760, at *11].)  The court "decline[d] to follow *311 South Spring Street Co.*" because it viewed that case to be in conflict with the California Supreme Court's decision in *American Contractors, supra*, 33 Cal.4th at 661.  (RJN 48 [*Li v. Chiu*, A156760, at *11].)  *American Contractors* held that "*[w]hen a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is [not void but] merely voidable*."  (RJN 48 [*Li v. Chiu*, A156760, at *11 [emphasis added].)

Significantly, the specific Court of Appeal (First District Division Three) that decided *Li v. Chiu* (Cal. Ct. App., A156760), just a year later in *Hwang v. FedEx Office & Print Servs.*, 2021 Cal. App. Unpub. LEXIS 7902 (Cal. Ct. App. Dec. 16,

-29-

2021, A160429 (unpub. opn.)) (*Hwang*) (RJN 80-70), held a contrary position as it did in *Li v Chiu*, stating in *Hwang* that " 'A judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant.' (*County of Ventura v. Tillett* (1982) 133 Cal.App.3d 105, 110)."  (RJN 64 [*Hwang*, A160429, at *11*].)

The same Court of Appeal, in a decision published in 2021, *Grados v. Shiau*, 63 Cal.App.5th 1042, 278 Cal.Rptr.3d 358 (Cal. Ct. App. 2021) (*Grados*), explained that

> [i]n *Michel v. Williams* (1936) 13 Cal.App.2d 198, 200, 56 P.2d 546 (*Michel*), the California Supreme Court explained the rationale for voiding a judgment because it awards relief not allowable under the law. " 'The mere fact that the court has jurisdiction of the subject-matter of an action before it does not justify an exercise of a power not authorized by law, or a grant of relief to one of the parties the law declares shall not be granted.' " (*Ibid.*)  " 'Although every exercise of power not possessed by a court will not necessarily render its action a nullity, it is clear that every final act, in the form of a judgment or decree, granting relief the law declares shall not be granted, is void, even when collaterally called in question.' " (*Ibid.*)  Subsequent courts have adopted this rationale from *Michel* to conclude that a judgment is rendered void by an award that is contrary to law.  In *311 South Spring Street*, for example, the defendant requested to vacate a portion of a judgment awarding post-judgment interest at a rate of 10 percent. (*311 South Spring Street, supra*, 178 Cal.App.4th at p. 1012, 101 Cal.Rptr.3d 176.) Section 1 of Article XV of the California Constitution provided that the plaintiff was entitled to post-judgment interest at a seven percent rate.  (*Id*. at p. 1018, 101 Cal.Rptr.3d 176.)  The appellate court thus determined that the award "constitutes a grant of relief which the Constitution forbids and the court had no power to grant." (*Ibid.*)  It concluded that the award rendered that portion of the judgment void. (*Ibid.*) In *Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836, 838, 131 Cal.Rptr. 674, the parties stipulated that plaintiffs were entitled to a judgment in the sum of $34,506.56, with $9,178.66 in interest. The trial court entered judgment with these stipulated amounts, but also included an additional $3,205.84 as interest on the judgment. (*Id*. at p. 847, 131 Cal.Rptr. 674.)  The appellate court explained that, under the California Constitution and Code of Civil Procedure, "[t]here can be no interest on a judgment prior to its rendition and entry." (*Id*. at p. 848,

1   131 Cal.Rptr. 674.)  It concluded that the $3,205.84 award

2   was "obviously contrary to law, beyond the jurisdiction of
the court, and void" and modified the judgment to strike

3   the $3,205.84 amount. (*Ibid*.)"

4   *Grados*, *supra*, 63 Cal.App.5th at 1053-54, 278 Cal.Rptr.3d at 367.

5       In *Grados,* the Court cited *311 South Spring Street* with approval but had

6   rejected the same cite by transferee defendants in *Li v Chiu*.  It is apparent that the

7   correct law to be applied in *Li v Chiu* should be the same law that was applied in

8   *Hwang* and *Grados*; that is, collateral attack is proper to contest a judgment void on

9   its face for the granting of relief which the court has no power to grant.

10      Even though *American Contractors* is also a California Supreme Court case,

11  the issue in *American Contractors* concerns procedural irregularities, not the

12  granting of relief which the court has no power to grant.  In *American Contractors*, a

13  surety issued a bail bond to secure the release of a criminal defendant, which was

14  ordered forfeited after the defendant failed to appear for trial.  33 Cal.4th at 659, 16

15  Cal.Rptr.3d at 79, 93 P.3d at 1022-23.  On the l85th day after the notice of forfeiture

16  was mailed to the surety and its bail agent, the trial court entered summary judgment

17  against the surety on the bail bond.  33 Cal.4th at 659, 16 Cal.Rptr.3d at 80, 93 P.3d

18  at 1023.  The summary judgment was premature under California Penal Code

19  section 1306(c), because it was entered on the last day of the appearance period.  *Id*.

20  at 660, at 80-81, at 1023.  The Court held that the judgment was merely voidable and

21  not void because the fact "[t]hat the court may have failed to follow the procedural

22  requirements to enter judgment properly did not affect the court's statutory control

23  and jurisdiction over the bond."  *Id*. at 662, at 82, at 1024.  A procedurally premature

24  judgment is not the issue in the case sub judice.  Unlike here, where the trial court

25  had no statutory authorization to grant the relief it did under UVTA, "[t]he trial

26  court's erroneous entry of summary judgment on the 185th instead of the 186th day"

27  in *American Contractors* "did not deprive the court of jurisdiction over the subject

28  matter of the bail bond forfeiture or personal jurisdiction over the surety, and thus

1    the premature entry of summary judgment was voidable, not void."

2        The *American Contractors* opinion established a rule of law respecting

3    challenges to prematurely entered summary judgments under California Penal Code

4    section 1306; but did not pronounce any new law regarding the distinction between

5    facially void and voidable judgments generally, because it did not consider a facially

6    erroneous judgment that awarded relief contrary to a statute.  It relied on *Pacific*

7    *Mutual Life Insurance Company v. McConnell*, 44 Cal.2d 715, 727, 285 P.2d 636,

8    642 (Cal. 1955) for the proposition that "[e]rrors which are merely in excess of

9    jurisdiction should be challenged directly, for example by motion to vacate the

10   judgment, or on appeal, and are generally not subject to collateral attack once the

11   judgment is final unless 'unusual circumstances were present which prevented an

12   earlier and more appropriate attack.' "  33 Cal.4th at 661, 16 Cal.Rptr.3d at 81, 93

13   P.3d at 1024.  However, because the judgment before the California Supreme Court

14   in *American Contractors* was merely procedurally premature and did not satisfy the

15   requirements of being facially deficient, the opinion lacked discussion of the rule

16   that the California Supreme Court enunciated in the later cases of *Armstrong v.*

17   *Armstrong*, *supra*, 15 Cal.3d 942, 950, 126 Cal.Rptr. 805, 809, 544 P.2d 941, 945

18   and *Becker v. S.P.V. Construction Co.*, *supra*, 27 Cal.3d 489, 493, 165 Cal.Rptr.

19   825, 827, 612 P.2d 915, 917, that collateral attack is proper to contest a judgment

20   void *on its face* for lack of personal or subject matter jurisdiction or *the granting of*

21   *relief which the court has no power to grant*.[3]

22       Thus, because *American Contractors* did not consider a trial court's judgment

23

24       [3]  Notably, *Pacific Mutual Life Insurance Company v. McConnell*, *supra*, 44
     Cal.2d 715, 285 P.2d 636, does not contradict these later cases but actually predicts
25   the rule enunciated in them.  The Court there stated: "It is the general rule that a
     final judgment or order is res judicata even though contrary to statute where the
26   court has jurisdiction in the fundamental sense, i.e., of the subject matter and the
     parties." *Id*. at 725.  But in the same decision the court also stated that: "In some
27   instances the requirements of a statute may relate to subject matter jurisdiction, and
     disregard of the statute may render a judgment void and subject to collateral attack."
28   *Id*. at 725-26.  This statement is in essence the rule that the California Supreme
     Court enunciated in the later cases of *Armstrong* and *Becker*.

that was facially and substantively, as opposed to merely prematurely and

procedurally, contrary to statute, the court of appeal in *Li v. Chiu*, A156760, was

incorrect to rely on that California Supreme Court precedent to decide that the SAJ

was not void.  See *People v. Taylor*, 48 Cal.4th 574, 626, 108 Cal.Rptr.3d 87, 140,

229 P.3d 12, 56 (Cal. 2010) ("It is axiomatic that an opinion does not stand for a

proposition the court did not consider.").  Because *Li v. Chiu*, A156760, 9 n.3 (Cal.

Ct. App. Dec. 22, 2020) was wrong to find the judgment not void on its face, it was

wrong not to address the merits of the transferee defendants' collateral attack on the

judgment.  (RJN 47 [*Li v. Chiu*, A156760, at \*9 n.3].)  But since the court did not

decide whether the money judgment was beyond that authorized by the UVTA, there

is no collateral estoppel as to this issue.  (*Stout v. Pearson*, 180 Cal.App.2d 211, 216,

4 Cal.Rptr. 313, 316 (Cal. Ct. App. 1960).  Neither should the decision in *Li v. Chiu*

be accorded preclusive effect in finding that the judgment is not void on its face, due

to its application of inapposite California Supreme Court precedent (*American*

*Contractors*, *supra*) and silence about relevant California Supreme Court precedent

(*Armstrong* and *Becker*, *supra*).  See *Hager v. Hager, supra,* 199 Cal.App.2d at 261

("The affirmance of a void judgment upon appeal imparts no validity to the

judgment, but is in itself void by reason of the nullity of the judgment appealed

from.").

### E.   *The Bankruptcy Court Erroneously Dismissed The AP Proceeding Without Leave To Amend, Relying On Rooker-Feldman and Issue Preclusion*

Citing *In re Gruntz*, *supra*, 202 F.3d 1074, 1079, the bankruptcy court

acknowledged in the reasoning that it adopted from its tentative ruling that,

"[n]otwithstanding Rooker-Feldman, `bankruptcy courts are empowered to avoid

state judgments, to modify them, and to discharge them.' " (AA 58 [footnotes

omitted].)  Yet it applied *Rooker-Feldman* because it concluded that "Mr. Chiu does

not base his complaint on any of these sections of the Bankruptcy Code."  (AA 58.)

1  In the hearing on Chiu's motion for reconsideration, the Bankruptcy Court criticized

2  Chiu's reliance on *Gruntz*, observing that Chiu's complaint did not cite to section

3  502 of the Bankruptcy Code, was not based on an objection to Li's claim, and did

4  not request disallowance of the claim.  (AA 113, 120-121, 125-126.)

5       Chiu should have been allowed to amend his complaint with statutes that

6  would explicitly invoke substantive rights under the Bankruptcy Code, such as

7  requests for dischargeability or disallowance, to make clear that *Rooker-Feldman*

8  has no application.  The Bankruptcy Court would then not be bound by claim

9  preclusion on the issue of the SAJ's voidness for purposes of collateral attack or on

10  the issue of the legal correctness of its ruling.  See *In re Sasson*, *supra*, 424 F.3d

11  864, 872-74.

12       The doctrines of res judicata and issue preclusion are not jurisdictional

13  doctrines.  *In re Sasson*, *supra*, 424 F.3d at 873 (citing *EEOC v. Children's Hosp.*

14  *Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1430 (9th Cir.1983).  "[A] preexisting judgment

15  does not have preclusive effect on the bankruptcy court's determination of

16  dischargeability."  *Id*. at 873 (citing *Brown v. Felsen*, 442 U.S. 127, 138-39, 99 S.Ct.

17  2205, 60 L.Ed.2d 767 (1979).  Neither would "various doctrines of issue preclusion

18  prevent[ ] the bankruptcy court from enforcing its dischargeability determination . . .

19  ."  424 F.3d at 873.

20       The Bankruptcy Court cited *Lopez*, *supra*, 367 B.R. at 104, when articulating

21  the elements of issue preclusion.  (AA 61-62 n.51.)  However, in concluding that

22  "[i]f issue preclusion applies, Mr. Chiu cannot state a claim upon which relief may

23  be granted," the Bankruptcy Court ignored the holding in *Lopez* that "preclusion

24  analysis . . . entails a two-step process in which a trial court first determines the legal

25  question of whether preclusion is available to be applied, and in the second step, a

26  trial court is required to exercise discretion about whether to apply preclusion."  *Id*.

27  at 103.  The Bankruptcy Court did not engage in the second-step; rather, it

28  concluded that there was "no possibility that Mr. Chiu could amend his complaint to

1  assert facts that would render the Second Amended Judgment immune from the

2  doctrine of issue preclusion." (AA 64.)

3      In *Lopez*, the court remanded the case so that the Bankruptcy Court would

4  consider whether, under principles of equity, several factors that militated against it

5  being bound by issue preclusion. *Lopez*, *supra*, 367 B.R. at 108. Here, remand

6  similarly is appropriate so that the Bankruptcy Court may weigh relevant factors

7  against issue preclusion.

8      The relevant equitable factors here are obviously different than the ones

9  discussed in *Lopez*. One factor would be, as discussed in the foregoing sections B

10 through D of the Argument, the weight of California precedent being against the

11 analysis in *Li v. Chiu*, A156760, why the SAJ was not void on its face and immune

12 from collateral attack. Another factor is that the court of appeal in *Li v. Chiu*,

13 A156760, analyzed the issue of voidability in such a way that permitted it to avoid

14 deciding on the merits the issue of whether the SAJ was legally erroneous in

15 improperly granting the dual relief of a money judgment of the transferee and

16 avoidance of the transfer.[4] A third factor would be whether claim preclusion would

17 be a bar to relief under substantive provisions of the Bankruptcy Code after the

18 complaint is amended to place the AP squarely within the definition of core

19 proceedings.

20     In this regard, the bankruptcy court should consider whether it is equitable to

21

---

22     [4] The procedural history in the Bankruptcy Court's tentative ruling includes a statement of the State appellate court in its decision of a later appeal, A163866,

23 affirming sale orders against Mr. Chiu, wherein it declared the claim that the SAJ was void for granting relief in excess of UVTA "a rehash of an argument we have

24 twice rejected." (AA 54.) While this statement implies that the argument was had been rejected twice substantively, this portrayal is inaccurate. In a parallel appeal

25 around the same time as *Li v. Chiu*, A158050, which was numbered A158050, the court of appeal merely incorporated by reference the analysis from A156760. (AA

26 33.) Thus, in the context of whether equitable considerations weigh against the preclusive affect of the State appellate court's pronouncements, closer scrutiny

27 reveals that only *Li v. Chiu* appeal, No. A157760, substantively analyzed whether the SAJ was void and concluded it was not for purposes of collateral attack. Li

28 argued that *Li v. Hearst*, A161732, addressed the merits of the dual relief. (AA 35-36.) Li was not a party to that case. The bankruptcy court did not address it.

give preclusive effect to the monetary relief granted in the SAJ for a fraudulent

transfer, against transferee Chiu, when the same SAJ has declared void the transfer

that had originally benefitted Chiu.  The fraudulent transfer was to avoid a prior

separate judgment against the transferor Demas Yan, for a legal malpractice he

committed against the creditor Li in which Chiu played no part.  Chiu never harmed

Li directly.  The monetary relief awarded against Chiu in favor of the creditor Li in

the SAJ is to compensate Li for Yan's legal malpractice for which it is not fair to

hold Chiu responsible.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a

party's pleading "should [be] freely give[n] . . . when justice so requires," because

the purpose of the rule is "to facilitate decision on the merits, rather than on the

pleadings or technicalities."  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir.

2015) (citation omitted).  "[A] district court should grant leave to amend even if no

request to amend the pleading was made, unless it determines that the pleading could

not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d

1122, 1127 (9th Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926

(9th Cir. 2012) (en banc).

Given the Bankruptcy Court's comments in its tentative ruling and at the

hearing on the motion to reconsider, acknowledging that under *Gruntz* the *Rooker-*

*Feldman* doctrine would not apply if the complaint had arisen as a claim objection or

claim disallowance proceeding (AA 58, 113, 120-121, 125-126), and given the

precedents of *Lopez*, and *In re Sasson*,, *supra*, requiring the Bankruptcy Court to

engage in a second step of equitable analysis to determine whether to adhere to issue

preclusion, and establishing the limitations of issue preclusion in discharge and other

core proceedings, the Bankruptcy Court erred in dismissing the AP with prejudice,

determining that Chiu could not immunize his complaint from the automatic

preclusive effect of the State appellate court's finding that the SAJ was not void.

(AA 64.)  To the contrary, Chiu's complaint can be amended with allegations that he

is proceeding under Bankruptcy Code, Title 11, Sections 502, 1328, or other provisions, invoking not only original but exclusive jurisdiction of the bankruptcy court and substantive rights that Chiu may have thereunder.  See *Hildebrand v. Honeywell*, *supra*, 622 F.2d at 181 (It is well-settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy the jurisdictional requirements of the statute.).

## VIII.  CONCLUSION

Based upon the Arguments in Section VII, Parts A, B, C and D, and the Bankruptcy Court's errors as described in Section E, Chiu respectfully requests that this Court reverse the order of dismissal with prejudice and permit him to amend his complaint explicitly to allege provisions of the bankruptcy code under which he may seek to disallow, avoid, discharge or modify the claim of creditor Li arising from the SAJ, without being prevented by the *Rooker-Feldman* doctrine.

Chiu if needed should also be permitted to object to the claim in the related bankruptcy case.  Chiu additionally requests that, on remand, the Bankruptcy Court be directed to exercise its discretion to determine whether issue preclusion need not apply to the complaint, in light of equitable factors consistent with Chiu's arguments herein, or that issue preclusion need not apply to bar relief requested in an amended complaint invoking substantive rights under the Bankruptcy Code.

Respectfully Submitted,

*Jeffrey A Needelman*          12-20-2023
_____
Jeffrey A. Needelman
Attorney for Plaintiff and Appellant
Simon Thai Ming Chiu

**IX.     *CERTIFICATE OF COMPLIANCE***
***(Fed. R. Bankr. P. Rule 8015(h))***

This document complies with the word limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 10,680 words.

Respectfully Submitted,

*Jeffrey A Needelman*     12-20-2023
_____
Jeffrey A. Needelman
Attorney for Plaintiff and Appellant
Simon Thai Ming Chiu