Case No.: 23-cv-03205-VC

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: THAI MING CHIU,<br><br>    Debtor.<br>_____<br><br>SIMON THAI MING CHIU,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CHARLES LI,<br><br>    Defendant and Respondent.<br>_____ | **APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO DISMISS**<br><br>[On Appeal from final order of Northern District Bankruptcy Court (San Francisco), the Honorable Hannah L. Blumenstiel presiding, Adversary Proceeding No. 22-03114; Related Bankruptcy Proceeding No. 22-30405] |

    Appellee's motion to dismiss incorrectly argues that, after the due date passed for his opening brief to be filed, it was incumbent upon him to seek relief based upon excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b)(1). (Mot. At 6-7.) Federal Rule of Bankruptcy Procedure 8018(a)(4) permits a party or the Court to move to dismiss the appeal after the due date has passed. However, if no motion to dismiss is pending, or no dismissal has been entered, there is no requirement that appellant seek relief under Rule 9005(b)(1) before filing the opening brief.

    Thus, appellant did not have to move for relief from a default or request leave to file a late brief, based upon excusable neglect under Rule 9006(b)(1) because, before appellant filed the opening brief, neither appellee nor the Court sua sponte moved to dismiss the appeal under the Federal Rules of Bankruptcy Procedure 8018(a)(4). Appellant's Brief was accepted for filing without appellant having to make a motion under Rule 9006(b)(1).

    After appellant's brief was filed, appellee's counsel requested that appellant's

counsel grant an additional 30 days to file appellee's brief, to which appellant's counsel agreed. Appellee never mentioned that he was contemplating a motion to dismiss before negotiated additional time to file his brief. The Court accepted the parties' stipulation and ordered a modified briefing schedule.

After an opening brief has been filed, "[t]he district court may excuse non-compliance or grant specific other limits." *In re Drexel Burnham Lambert Group, Inc.*, 142 B.R. 633, 636 (S.D.N.Y. 1992). Here, the Court granted specific other time limits by modifying the briefing schedule. Once the Court modified the briefing schedule, appellant's noncompliance with Rule 8018(a)(1) was excused, and the issue of appellant's opening brief being timely filed was moot.

In *In re Drexel Burnham Lambert Group, Inc.*, *supra*, the court held that appellant's failure to file a brief for over a month after it was due was "alone . . . not sufficient to warrant dismissal." 142 B.R. at 636. The court there found that appellant had an excuse for its tardiness "albeit weak and rather late itself." *Id.*[1]

Here, the undersigned was not attorney of record at the time that the brief was due. Indeed, the undersigned certifies that he had no knowledge this case even existed until December of last year. The undersigned has been informed that there was some confusion as to whether the case was going to proceed in the Bankruptcy Appellate Panel, and that former counsel was waiting for a briefing schedule. In any event, appellee does not argue that he is suffering prejudice from the delay, which he has further extended by his being granted additional time to file his appellee's brief.

Appellee argues that appellant's late filings in a prior bankruptcy case and unauthorized filings through his former attorney in the underlying bankruptcy case should be held against him when it comes to the late filing of his opening brief.

---

[1] The undersigned realizes his response to appellee's motion is late by a few days. He did not see the email alerting him to the docketing of appellee's motion until yesterday afternoon. He was preparing for a jury trial all week in Riverside County Superior Court and was distracted by an email coming in from the State Court of Appeal the same time as the one from the District Court.

1  (Mot. At 4.)  This Court should reject this line of argument.  These prior acts are
2  more prejudicial than probative because they involved other issues than mere
3  tardiness.  Here in contrast, there is essentially mere tardiness, without any other
4  substantive irregularity or prejudice to the opposite side.
5       There is a strong public policy behind the Federal Rules of deciding cases on
6  their merits.  *Jones v. Las Vegas Metro. Police Dep't,*, 873 F.3d 1123, 1128 (9th Cir.
7  2017).  Appellee is trying to avoid dealing with the merits of appellant's appeal by
8  distracting the Court with these prior events.
9       For the foregoing reasons, the Court should deny the motion to dismiss.
10 DATED:  February 16, 2024          Respectfully Submitted,

*/s/ Jeffrey A. Needelman*

Jeffrey A. Needelman
Attorney for Plaintiff and Appellant
Simon Thai Ming Chiu