1

Case No.: 23-cv-03205-VC

2

UNITED STATES DISTRICT COURT FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4 | In re: THAI MING CHIU,                    ) **APPELLANT'S REPLY BRIEF**
                                              )
5 |          Debtor.                          ) [On Appeal from final order of Northern
                                              ) District Bankruptcy Court (San
6 | _____     ) Francisco), the Honorable Hannah L.
                                              ) Blumenstiel presiding, Adversary
7 | SIMON THAI MING CHIU,                     ) Proceeding No. 22-03114; Related
                                              ) Bankruptcy Proceeding No. 22-30405]
8 |          Plaintiff and Appellant,         )
                                              )
9 |     v.                                    )
                                              )
10 | CHARLES LI,                              )
                                              )
11 |          Defendant and Respondent.       )
                                              )
12 | _____    )

13

14

15

16

17

18

19

20

21

22

Presented by:

23

Jeffrey A Needelman, Esq. (Cal. SBN 193892)

24

Jeffrey A Needelman, Attorney at Law
361 S. Main St.
Jamestown, NY 14701

25

26

Phone: 415-441-4401

27

Email: jneedelmanesq@sbcglobal.net

28

Attorney for Appellant

1

## *TABLE OF CONTENTS*

2    I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

3    II.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

4            A.      *Appellee Li Only Perfunctorily Addresses Whether The*
                     *Adversary Complaint Can Be Amended To Bring It*
5                    *Within The Exclusive Jurisdiction Of The Bankruptcy*
                     *Court And  Not Prohibited By* Rooker-Feldman . . . . . . . . . . . . . . . -8-
6

7            B.      *Appellant Chiu Maintains That* Rooker-Feldman *Does*
                     *Not Apply To Claim Objection Proceedings Or*
8                    *Adversarial Proceedings Where There Is Exclusive And*
                     *Original Bankruptcy Court Jurisdiction* . . . . . . . . . . . . . . . . . . . . . -11-
9

10           C.      *The State Appellate Decisions That Failed To Address*
                     *The Merits Of Appellant Chiu's Challenge To the SAJ*
11                   *Should Not Prevent This Court From Deciding The*
                     *Validity Of The SAJ On The Merits* . . . . . . . . . . . . . . . . . . . . . . . . -15-
12

13           D.      *Appellant Maintains That The SAJ Is Legally Incorrect,*
                     *Wrongly Decided, And Should Be Considered A Void*
14                   *Judgment* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

15           E.      *The Bankruptcy Court Should Be Given Opportunity To*
                     *Exercise Equitable Discretion To Not To Be Bound By*
16                   *The Doctrines Of Res Judicata Or Collateral Estoppel* . . . . . . . . . -24-

17   III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

18   IV.     CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

### Federal Cases

3   *Audre, Inc. v. Casey (In re Audre, Inc.)*
        216 B.R. 19 (B.A.P. 9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

4

    *Brosio v. Deutsche Bank Nat'l Trust Co. (In re Brosio)*,
5       505 B.R. 903 (B.A.P 9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

6   *Butner v. United States*,
        440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) . . . . . . . . . . . . . . . . . . . -10-

7

    *District of Columbia Court of Appeals v. Feldman*,
8       460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) . . -7--9-, -11--15-, -24-,
                                                                                                                    -25-

9

    *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
10      544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) . . . . . . . . . . -12-, -13-

11  *Gruntz v. County of Los Angeles*,
        202 F.3d 1074 (9th Cir.2000) (en banc). . . . . . . . . . . . . . . . . . . . . . . -14-, -15-

12

    *Heiser v. Woodruff*,
13      327 U.S. 726, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946) . . . . . . . . . . . . . . . -10-

14  *In re American Way Serv. Corp.*,
        229 B.R. 496, 532 (Bankr. S.D. Fla. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . -20-

15

    *In Re Arker*,
16      6 B.R. 632 (Bankr.E.D.N.Y.1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

17  *In Re A–1 24 Hour Towing, Inc.*,
        33 B.R. 281 (Bankr.D.Nev.1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

18

    *In re Classic Drywall, Inc.*,
19      127 B.R. 874, 876–77 (D.Kan.1991) . . . . . . . . . . . . . . . . . . . . . . . . . -20-, -21-

20  *In re Duncombe*,
        143 B.R. 243 (Bankr. C.D. Cal. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

21

    *In re Fazio*,
22      41 B.R. 865 (Bankr. E. D. Pa. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . -9-, -10-

23  *In re First Software Corp.*,
        107 B.R. 417 (D. Mass.1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

24

    *In re General Industries, Inc.*,
25      79 B.R. 124 (Bankr.D.Mass.1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

26  *In re Goldberg*,
        235 B.R. 476 (Bankr. D. Idaho 1999) . . . . . . . . . . . . . . . . . . . . . . . . . -8-, -9-

27

    *In re Harbin*,
28      486 F.3d 510 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-, -14-

*In re Jernigan*,
     130 B.R. 879 (Bankr. N.D.Okla. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*In re Marshall*,
     636 B.R. 396 (Bankr. E. D. Pa., 2021)), *aff'd sub nom.*
*Marshall v. Abdoun*, 2023 WL 2588166 (E. D. Pa. 2023) . . . . . . . . . . . . .   -11-, -12-

*In re Morris Communications NC Inc.*,
     75 B.R. 619 (Bankr.W.D.N.C.1987),
     rev'd on other grds., 914 F.2d 458 (4th Cir.1990) . . . . . . . . . . . . . . . . . . . -20-

*In Re Pitts*,
     31 B.R. 90 (Bankr.N.D.Ga.1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*In re Razzi*,
     533 B.R. 469 (Bankr. E.D. Pa. 2015). . . . . . . . . . . . . . . . . . . . . .   -11-, -12-

*In re Sasson*,
     424 F.3d 864 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -14-, -15-

*In re Taylor*,
     599 F.3d 880 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

*In re Trout*,
     609 F.3d 1106 (10th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

*In re Vedaa*,
     49 B.R. 409 (Bankr.D.N.D.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

*Kapp v. Naturelle, Inc.*,
     611 F.2d 703 (8th Cir.1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Lopez v. Emergency Serv. Restoration, Inc.*,
     367 B.R. 99 (9th Cir. BAP 2007). . . . . . . . . . . . . . . . . . . . . .   -11--14-, -24-

*Pepper v. Litton*,
     308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939) . . . . . . . . . . . . . . . . . . . -10-

*Peterson v. McGladrey & Pullen, LLP*,
     676 F.3d 594 (7th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

*Raleigh v. Ill. Dep't of Revenue*,
     530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) . . . . . . . . . . .   -10-, -11-

*Rooker v. Fidelity Trust Co.*,
     263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) . . -7--9-, -11--15-, -24-, -25-

*Settlers' Hous. Serv., Inc. v. Schaumburg Bank & Trust Co., N.A.*
(*In re Settlers' Hous. Serv., Inc.*),
     568 B.R. 40, 65 (Bankr. N.D. Ill. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Todd v. United States Bank N.A.*,
     685 Fed. Appx. 103 (3d Cir. 2017),
*reh'g denied, Todd v. United States Bank Nat'l Ass'n*,
     685 Fed.Appx. 103 (3d Cir. 2017), *cert. denied,*

*Todd v. U.S. Bank, N.A.*,
      583 U.S. 973, 138 S. Ct. 449 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

*Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*,
      549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) . . . . . . . . . .   -10-, -11-

**State Cases**

*311 South Spring Street Co. v. Department of General Services*,
      178 Cal.App.4th 1009 (Cal. Ct.  App. 2009) . . . . . . . . . . . . . . . . . . . . . . . -16-

*Bonfield v. Figlieno*,
      2008 Cal.App. Unpub. LEXIS 7398
      (Cal. Ct. App., 5th Dist., No. F053701) . . . . . . . . . . . . . . . . . . . . . . . . . . -23-

*Carlson v. Eassa*,
      54 Cal.App.4th 684 (Cal. Ct. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . -16-

*Dimidowich v. Bell Howell*,
      803 F.2d 1473 (9th  Cir. 1986),
      reh'g denied, op. modified, 810 F.2d 1517 (9th Cir. 1987) . . . . . . . . . . . . . -23-

*Filip v. Bucurenciu*,
      129 Cal.App.4th 825 (Cal. Ct. App. 2005) . . . . . . . . . . . . . . . . . . . .   -21-, -22-

*Grados v. Shiau*,
      63 Cal.App.5th 1042 (Cal. Ct. App. 2021) . . . . . . . . . . . . . . . . . . . . . . . . -16-

*Michel v. Williams*,
      13 Cal.App.2d 198 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

*People v. American Contractors Indemnity Co.*,
      33 Cal.4th 653, 16 Cal.Rptr.3d 76, 93 P.3d 1020 (Cal. 2004). . . . . . . . . . . -16-

**Federal Statutes**

11 U.S.C. § 1129. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

11 U.S.C. § 1141. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

11 U.S.C. § 1325. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

11 U.S.C. § 1328. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

11 U.S.C. § 502 subd. (b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

11 U.S.C. § 502(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

11 U.S.C. § 523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

11 U.S.C. § 544. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -13-, -15-

11 U.S.C. § 544(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

11 U.S.C. § 547. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

1  11 U.S.C. § 548. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

2  11 U.S.C. § 549. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

3  11 U.S.C. § 550. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

4  11 U.S.C. § 550(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-, -21-

5  11 U.S.C. § 727. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

6  ***State Statutes***

7  Cal. Civ. Code  § 3439.08(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-, -19-

8  Cal. Civ. Code  § 3439.08(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . -17-, -22-

9  Cal. Civ. Code § 3439.07 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

10  Cal. Civ. Code § 3439.07(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-, -22-

11  Cal. Civ. Code § 3439.07(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-, -22-

12  Cal. Civ. Code § 3439.07(a)(3)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . -18-, -24-

13  Cal. Civ. Code § 3439.08 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

14  Cal. Civ. Code § 3439.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

15  Uniform Voidable Transfers Act (UVTA),
16       Cal. Civ. Code § 3439 et seq., eff. Jan 1, 2016,
         (originally titled Uniform Fraudulent
17       Transfers Act, enacted 1986)      . . . . . . . . . . . . . . . . . . . -15-, -17-, -20-, -21-

18  ***Other Authorities***

19  COLLIER, ON BANKRUPTCY
20       (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2002) . . . .  -10-, -20-

21  Fed. R. Bankr. Proc. 8015(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

22

23

24

25

26

27

28

## I.   *INTRODUCTION*

The second amended judgment that supports Appellee Charles Li's claim in Appellant Thai Ming Chiu's Chapter 13 bankruptcy ("SAJ") is void because it granted relief that state law did not authorize.  Appellee Li's motion to dismiss was granted because the Bankruptcy Court viewed the Adversary Proceeding ("AP") as an authorized appeal of the SAJ, because the AP complaint did not allege specific Bankruptcy Court Statutes that would give rise to bankruptcy court jurisdiction.  As such, the AP was barred by a federal doctrine named after two US Supreme Court cases giving rise to it[1] ("*Rooker-Feldman*"), recognizing that lower federal courts are courts of limited jurisdiction that generally have no authority to review state court judgments.

Appellee Li only cursorily addresses whether the complaint could be amended to bring it within the exclusive jurisdiction of the bankruptcy court and thereby outside the reach of the *Rooker-Feldman* doctrine.  Appellant Chiu maintains that it can be so amended and has explained which Bankruptcy Statutes and theories it could allege in an amended complaint that would permit the Bankruptcy Court to consider his arguments that the SAJ is invalid under State law.

The parties markedly disagree on whether the *Rooker-Feldman* doctrine applies to claim objections or adversary proceedings properly invoking bankruptcy court jurisdiction.  As appellant has argued in his opening brief and in this Reply brief, *Rooker-Feldman* has been substantially limited and circumscribed by later US Supreme Court holdings and lower federal court decisions in the Ninth Circuit and elsewhere, especially in the bankruptcy context.

Appellant maintains that the SAJ is legally incorrect, wrongly decided, and should be considered a void judgment.  The State appellate decisions that failed to

---

[1]   *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

address the merits of appellant Chiu's challenge to the SAJ should not prevent this Court from deciding the legal validity of the SAJ on the merits of California law. If the SAJ is determined to be legally incorrect but not void under State law, the Bankruptcy Court should be given the opportunity to exercise equitable discretion not to give preclusive effect to the SAJ under the doctrines of res judicata or collateral estoppel.

## II.    ARGUMENT

### A.    *Appellee Li Only Perfunctorily Addresses Whether The Adversary Complaint Can Be Amended To Bring It Within The Exclusive Jurisdiction Of The Bankruptcy Court And Not Prohibited By* Rooker-Feldman

Appellee Li does not sufficiently address the arguments made in Section VII.E of Appellant Chiu's opening brief, where Chiu has argued that he should have been allowed to amend his complaint. (AOB 36-37.)

In a footnote, Appellee Li acknowledges that Appellant Chiu "proffers a couple sections of the Bankruptcy Code that he argues would provide him a basis in federal law" but claims that Appellant Chiu "cannot even suggest what facts or theories that he could amend under those sections that would constitute federal subject matter." (AB 14 n.3.)

Appellee Li's position seems to be that, unless the AP can be amended to state that the SAJ violates an affirmative federal right, it cannot be amended to bring the proceeding outside the reach of *Rooker-Feldman*. (AB 16.) In other words, the Bankruptcy Court can never reach the merits of State law in exercise of its federal bankruptcy jurisdiction. (AB 16.)

An example of how the Bankruptcy Court may avoid the effect of a State law Judgment by considering its invalidity under State law is presented by *In re Goldberg*, 235 B.R. 476 (Bankr. D. Idaho 1999). There, the Trustee initiated an adversary proceeding against two creditors who were attorneys of the debtor and his ex-wife in a divorce proceeding; the proceeding sought to avoid the attorneys' liens

against escrow proceeds from sale of the debtor's real property; the liens were imposed by the state divorce court in a divorce proceeding. from a prepetition sale of a parcel of the Debtor's real property. *Id*. at 478-79. The court observed that the case raised a "special issue" in that "the 'transfer' the Trustee seeks to avoid" was "by way of, and embodied in, a state court order. . ." *Id*. at 480. Therefore, it was necessary that "this Court has the jurisdiction and authority to review, and potentially set aside, the state court ruling." *Id*. The court then found that Section 544(a)(1), by giving the Trustee the power of a hypothetical judicial lien creditor, entitling the Trustee to contest lien priority as against other secured creditors, permitted the Trustee to challenge the validity of the liens under State law as against a competing judicial lien creditor. *Id*. at 482. The court then proceeded to analyze the liens under Idaho law, predicted how the Idaho Supreme Court would rule on one of the liens that it found uncertain under Idaho law, and found both liens to be invalid under Idaho law. *Id*. at 483-84.

Here, without being prohibited by *Rooker-Feldman*, appellant could amend his complaint to seek avoidance under 11 U.S.C. § 544(a)(1) by contesting the validity of the SAJ under California law, like the Trustee in *In re Goldberg*, *supra*, contested the validity of the State court-ordered liens under Idaho law.[2] Legal invalidity need not be premised on a federal right, as contended by Appellee Li. (AB 16.)

In the context of claim objection proceedings based upon disallowance, many examples exists where a violation of federal law is not the predicate. In *In re Fazio*, 41 B.R. 865,867 (Bankr. E. D. Pa. 1984) the Court stated,

> Where a creditor's claim is predicated on a state court

---

[2] "There is a division of authority on whether a debtor in possession in a chapter 13 case has the right to exercise the avoiding powers given to a trustee under Bankruptcy Code § 544. See *In re Jernigan*, 130 B.R. 879, 887 (Bankr. N.D.Okla. 1991) and cases cited therein. . . . The majority view, however, is that a chapter 13 debtor does have such authority." *In re Duncombe*, 143 B.R. 243, 245 (Bankr. C.D. Cal. 1992).

-9-

1         judgment, the claim may be attacked as invalid in the
2         Bankruptcy Court on the grounds that the court rendering
         the judgment did not have jurisdiction over the parties or
3         subject matter of the suit or that the judgment is a product
         of fraud, collusion or duress.  *Heiser v. Woodruff*, 327 U.S.
4         726, 736, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946); *Pepper*
         *v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939);
5         *Kapp v. Naturelle, Inc.*, 611 F.2d 703 (8th Cir.1979); *In Re*
         *A–1 24 Hour Towing, Inc.*, 33 B.R. 281
6         (Bankr.D.Nev.1983); *In Re Pitts*, 31 B.R. 90
         (Bankr.N.D.Ga.1983); *In Re Arker*, 6 B.R. 632
7         (Bankr.E.D.N.Y.1980).

8 While the court disagreed that procedural irregularities in confession of the state

9 court judgment would be a sufficient basis for disallowance, it cites numerous cases

10 where more substantive State legal grounds would.  (*Id*.)

11       Appellee Li does not address appellant Chiu's argument based upon 11 U.S.C.

12 § 502(b)(1) that "[t]he bankruptcy code confers jurisdiction to the bankruptcy court

13 to determine an objection to a claim based on all applicable law; hence, the court has

14 authority to determine if a judgment is void under California law."  (AOB 20.)  Nor

15 does Appellee Li mention Appellant Chiu's citation to *Settlers' Housing Service, Inc.*

16 *v. Schaumburg Bank & Trust Co., N.A.* (*In re Settlers' Hous. Serv., Inc.*), 568 B.R.

17 40 (Bankr. N.D. Ill. 2017), a case that extensively discussed the appropriateness of

18 relying on State law to disallow a claim.  (AOB 20.)

19         As relevant here, § 502(b)(1) disallows any claim that is
         "unenforceable against the debtor and property of the
20         debtor, under any agreement or applicable law for a reason
         other than because such claim is contingent or unmatured."
21         This provision is understood to mean that, with narrow
         exceptions, "any defense to a claim that is available
22         outside of the bankruptcy context is also available in
         bankruptcy." [ *Travelers Cas. & Sur. Co. of Am. v. Pacific*
23         *Gas & Elec. Co.*, 549 U.S. 443, 450, 127 S.Ct. 1199, 167
         L.Ed.2d 178 (2007)] (citing 4 Collier ¶ 502.03[2] [b], at
24         502–22).  This is consistent with the longstanding principle
         that "[c]reditors' entitlements in bankruptcy arise in the
25         first instance from the underlying substantive law creating
         the debtor's obligation, subject to any qualifying or
26         contrary provisions of the Bankruptcy Code."  *Raleigh v.*
         *Ill. Dep't of Revenue*, 530 U.S. 15, 20, 120 S.Ct. 1951, 147
27         L.Ed.2d 13 (2000) (citing *Butner v. United States*, 440
         U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979))); see
28         *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 598

(7th Cir. 2012).  "That principle requires bankruptcy courts to consult state law in determining the validity of most claims."  *Travelers*, 549 U.S. at 450, 127 S.Ct. 1199 (citing *Raleigh*, 530 U.S. at 20, 120 S.Ct. 1951).

*Settlers' Housing Service, Inc.*, *supra*, 568 B.R. at 65.

In short, ample theories exist that the complaint can be amended to state, under bankruptcy statutes which the complaint can be amended to list, that would empower the Bankruptcy Court to consider the validity of the SAJ under State law without being prohibited by *Rooker-Feldman*.

**B.     *Appellant Chiu Maintains That* Rooker-Feldman *Does Not Apply To Claim Objection Proceedings Or Adversarial Proceedings Where There Is Exclusive And Original Bankruptcy Court Jurisdiction***

Appellee Li argues that "Appellant overstates case law to argue that *Rooker-Feldman* does not even apply in claim-objection proceedings in federal court. AOB 19." (AB 14.)  He complains that "[t]he cases he cites involved claim objections based on federal law" and criticizes Chiu's reliance on *Lopez v. Emergency Service Restoration, Inc.*, 367 B.R. 99 (9th Cir. BAP 2007).  (AB 14-15.)  Appellee Li argues that *Lopez* should be confined only to cases where a "supreme federal right" is at stake.  (AB 15.)  Drawing from a case in a foreign District and a non-precedential decision of a foreign circuit, Appellee Li advocates that a voidness exception to *Rooker-Feldman* no longer should exist outside the context of automatic stay or discharge injunction violations.  (AB 16-17, discussing *In re Marshall*, 636 B.R. 396, 410-11 (Bankr. E. D. Pa., 2021), *aff'd sub nom. Marshall v. Abdoun*, 2023 WL 2588166 (E. D. Pa. 2023); and *Todd v. United States Bank N.A.*, 685 Fed. Appx. 103, 106 (3d Cir. 2017), *reh'g denied*, *Todd v. United States Bank Nat'l Ass'n*, 685 Fed.Appx. 103, 104-05 (3d Cir. 2017), *cert. denied*, *Todd v. U.S. Bank, N.A.*, 583 U.S. 973, 138 S. Ct. 449 (2017); *but see  In re Razzi*, 533 B.R. 469, 478 (Bankr. E.D. Pa. 2015) (holding that, where a debtor alleges that a claim "should be disallowed based on facts that occurred prior to the entry of

1    judgment and defenses that were, or could have been raised, in the state court

2    litigation, such matters are governed by res judicata, not *Rooker–Feldman*.").)

3        While appellee Li selectively draws from Third Circuit precedent to fortify his

4    position, it is apparent that the *In re Marshall* case that he cites is in conflict with *In*

5    *re Razzi* from the same District within that Circuit and that,while Judge Chan

6    criticized Judge Frank's position as "not yet . . . widely accepted" in their District

7    (636 B.R. at 412), it is Judge Frank's position that is in accordance with Ninth

8    Circuit precedent.

9        Appellee Li points out that *Brosio v. Deutsche Bank Nat'l Trust Co*. (*In re*

10   *Brosio*), 505 B.R. 903, 913 (B.A.P. 9th Cir. 2014) did not specifically concern the

11   application of *Rooker-Feldman* to a State Court judgment but it did make the point

12   that "a proof of claim filed by a creditor is conceptually analogous to a civil

13   complaint, an objection to the claim is akin to an answer or defense and an adversary

14   proceeding initiated against the creditor that filed the proof of claim is like a

15   counterclaim."  Agreeing with this idea from the Ninth Circuit, Judge Frank in *In re*

16   *Razzi*, *supra*, sought to confine the *Rooker-Feldman* doctrine "to cases of the kind

17   from which the doctrine acquired its name: cases brought by state-court losers

18   complaining of injuries caused by state-court judgments rendered before the district

19   court proceedings commenced and inviting district court review and rejection of

20   those judgments."  *Exxon Mobil*, *supra*, 544 U.S. at 284, 125 S. Ct. 1517.  "To the

21   extent that the objector's request that a prior state-court judgment be disregarded is

22   perceived as a defensive request for relief, Rooker-Feldman arguably is not

23   implicated."  *In re Razzi*, 533 B.R. at 479 n.8.

24       Appellee Li further contends that "*Lopez* did not make a blanket holding that

25   *Rooker-Feldman* 'has no application in a bankruptcy claim-objection proceeding,'

26   AOB 19."  (AB 15.)  Under the view advocated by Appellee Li, even where the

27   Bankruptcy Court's exclusive and original jurisdiction is invoked, such as in a claim

28   objection proceeding seeking disallowance under 11 U.S.C. § 502(b), or an

avoidance proceeding under 11 U.S.C. § 544, *Rooker-Feldman* continues occupy the field, to forbid the Bankruptcy Court from taking a position under State law contrary to the validity of a State court judgment.

Appellant Chiu, on the other hand, maintains that, under *In re Lopez*, *Rooker-Feldman* no longer occupies the same field as federal statutes conferring original and exclusive jurisdiction on the Bankruptcy Court to act. The Bankruptcy Court is free and unfettered by *Rooker-Feldman* to interpret State law contrary to a State court judgment in furtherance of its exclusivd and original jurisdiction.

In other words, it may be that there is no longer a voidness exception to *Rooker-Feldman* in the bankruptcy context, but this is because *Rooker-Feldman* is no longer the rule in properly alleged claim-objection proceedings under Title 11.

It is true that *In re Lopez* did not seek to overturn a State court judgment and that the circumstance at issue was the State court's finding that the debtor's conduct was wilful and malicious, which would prevent dischargeability under 11 U.S.C. § 523(a)(6). However, it is clear from the fact that *In re Lopez* expressly overruled the portion of *Audre, Inc. v. Casey* (*In re Audre, Inc.*) 216 B.R. 19 (B.A.P. 9th Cir. 1997), which had concluded that the *Rooker-Feldman* doctrine prevented the bankruptcy court from granting a debtor's motion to disallow, or to estimate at a low value, a judgment obtained by a creditor in state trial court, that the implications of its holding, affirming the narrow reach of *Rooker-Feldman*, extended far beyond the dischargeability statute. See also *In re Harbin*, 486 F.3d 510, 519 n.6 (9th Cir. 2007) (explaining that *Rooker-Feldman* occupies a limited ground after the US Supreme Court's decision in *Exxon Mobil Corporation v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 284, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

In *In re Harbin*, the Ninth Circuit held that, in considering the feasibility of the debtor's Chapter 11 plan, the bankruptcy court was required to consider the effect of the claimant's potential claim, which had been rejected by a state trial court and was pending on appeal, even though the bankruptcy court had conditionally

1    disallowed the claim.  486 F.3d at 518.  It rejected the bankruptcy court's conclusion

2    that the *Rooker-Feldman* doctrine precluded considering the possibility that the

3    claimant could prevail on appeal, jeopardizing the feasibility of the confirmation

4    plan.  486 F.3d at 518-519.  On this point, it followed *Gruntz v. County of Los*

5    *Angeles*, 202 F.3d 1074, 1079 (9th Cir.2000), broadly characterizing *Gruntz* as

6    holding that "when Congress gives a federal court express jurisdiction over state

7    court matters, for example, by giving the bankruptcy court authority to void, modify,

8    or discharge state court judgments, the Rooker–Feldman doctrine has no

9    application."

10        Appellee Li omits discussion of *In re Gruntz*, *supra*, from Appellee's Brief,

11   although it was cited both by Appellant Chiu in his opening brief and by the

12   Bankruptcy Court in its ruling.  (AOB 20, 44; AA 58.)  Citing *In re Gruntz*, *supra*,

13   202 F.3d 1074, 1079, the bankruptcy court acknowledged in the reasoning it adopted

14   from its tentative ruling that, "[n]otwithstanding Rooker-Feldman, `bankruptcy

15   courts are empowered to avoid state judgments, to modify them, and to discharge

16   them.' " (AA 58 [footnotes omitted].) Yet it applied *Rooker-Feldman* because it

17   concluded that "Mr. Chiu does not base his complaint on any of these sections of the

18   Bankruptcy Code." (AA 58.)  The strong implication from Bankruptcy Court's

19   ruling is that, if the AP complaint could be amended to be based on these statutes,

20   *Rooker-Feldman* would not apply.

21        *In re Gruntz* is also followed by *In re Sasson*, 424 F.3d 864, 871 (9th Cir.

22   2005), from which Appellee Li quotes a selective sentence out of context to attempt

23   lending support to his argument that *Lopez* "only held that it [*Rooker-Feldman*] did

24   not apply in that specific proceeding where a supreme federal right is involved."

25   (AB 15, quoting *In re Sasson*, *supra*, 424 F.3d at 871 as stating "("The Rooker-

26   Feldman doctrine has little or no application to bankruptcy proceedings that invoke

27   substantive rights under the Bankruptcy Code or that, by their nature, could arise

28   only in the context of a federal bankruptcy case.")  The full the passage before and

after the sentence makes clear that, by "substantive rights under the Bankruptcy

Code," *In re Sasson* referred to *all* federal statutes that enable Bankruptcy Courts to

act substantively and not just a particular proceeding where the issue is the violation

of a substantive  federal right:

> Application of the *Rooker–Feldman* doctrine in bankruptcy
> is limited by the separate jurisdictional statutes that govern
> federal bankruptcy law. *Gruntz v. County of Los Angeles*
> (*In re Gruntz*), 202 F.3d 1074, 1079 (9th Cir.2000) (en
> banc). . . .  In the exercise of federal bankruptcy power,
> bankruptcy courts may avoid state judgments in core
> bankruptcy proceedings, see, e.g., 11 U.S.C. §§ 544, 547,
> 548, 549, may modify judgments, see, e.g., 11 U.S.C. §§
> 1129, 1325, and, of primary importance in this context,
> may discharge them, see, e.g., 11 U.S.C. §§ 727, 1141,
> 1328.

*In re Sasson*, *supra*, 424 F.3d at 871.

## C.    *The State Appellate Decisions That Failed To Address The Merits Of Appellant Chiu's Challenge To the SAJ Should Not Prevent This Court From Deciding The Validity Of The SAJ On The Merits*

Appellee Li characterizes Chiu's AP as a request "to review not just a state

trial court judgment but also three decisions by a state court of appellate jurisdiction

– and reverse the reviewing courts." (AP 16.)  While Appellant Chiu takes issue

with the rulings of the California Court of Appeal that he waived appeal of the SAJ,

the goal of the AP is to consider the merits of why the SAJ violates the UVTA.  This

goal does not require reversing the California Court of Appeal decisions that the SAJ

was not subject to collateral attack.

Appellant Chiu argues against the erroneous procedural rulings of the

California Court of Appeal mainly because they explain why his claim that the SAJ

was substantively legally erroneous was not properly reviewed on the merits.

The parties disagree on whether the California Courts of Appeal properly

applied California appellate and State Supreme Court precedents on determining

whether a erroneous judgment is amenable to collateral attack.  Firstly, Appellee Li

considers unpersuasive Chiu's attempt to distinguish *People v. American*

-15-

*Contractors Indemnity Co*., 33 Cal.4th 653, 16 Cal.Rptr.3d 76, 93 P.3d 1020 (Cal. 2004) (*American Contractors*) on the procedural nature of the issue before it. However, Li's assertion that Chiu's other cited authorities involved similar procedural matters is unpersuasive.  The issue of incorrectly applied interest was a usurious violation of the California Constitution in *311 South Spring Street Co. v. Department of General Services*, 178 Cal.App.4th 1009, 1015, 1018 (Cal. Ct.  App. 2009) and *Grados v. Shiau*, 63 Cal.App.5th 1042, 1057 (Cal. Ct. App. 2021), Neither was the signature of the custodial parent in a child support enforcement judgment hardly thought to be an unimportant technical concern by the opinion. *Carlson v. Eassa*, 54 Cal.App.4th 684, 696 (Cal. Ct. App. 1997).  In contrast, there were no unusual circumstances in the bail forfeiture proceeding at issue in *American Contractors* which precluded an earlier or more appropriate attack on the premature entry of summary judgment.  33 Cal.4th at 663.

Secondly, the cases do not neatly fall on one side or the other of "the clear and sensible dividing line" laid out in *American Contractors*  "between a judgment that is void ab initio because it lacked 'fundamental' jurisdiction and one that is voidable because it granted relief 'in excess of jurisdiction.' "  (AB 17.)  Appellee Li fails to explain why, in Chiu's appeal of the SAJ, the case of *311 South Spring Street Company* was found to conflict with the California Supreme Court's holding in *American Contractors* (RJN 48 [*Li v. Chiu*, A156760, at *11]) but cited with approval by the same Division in *Grados v. Shiau*, *supra*, 63 Cal.App.5th 1042.

Appellee Li further tries to distinguish this case from ones where collateral attack was permitted, even though the court did not lack subject matter and personal jurisdiction, because the judgment was "void on its face" and because they "involved readily ascertainable matters that [we]re apparent on the judgment itself."  (AB 22.)  He asserts, "Appellant here cannot point to such a patent flaw on the face of the SAJ." (AB 22.)  But Appellant can.  The dual relief is a patent error that is apparent from the face of the judgment.  All of the errors in the cases are based upon statutes,

1    constitutional provisions, or cases.  Contrary to Li's fatuous assertion, Chiu's claim

2    is not especially concatenated.

3          Neither does Appellee Li articulate why Appellant Chiu's claim is not similar

4    to the ones held amenable to collateral attack because relief was awarded without

5    statutory basis.  Appellant's claim is that UVTA permits alternative monetary and

6    avoidance remedies but not both together.  The claim is that the statute did not

7    permit the dual relief that was granted, no different from the costs that were not

8    permitted to be awarded in the quiet title action in *Michel v. Williams*, 13 Cal.App.2d

9    198, 201 (1936), and no reason is suggested why the improper relief cannot be

10   stricken or the SAJ reformed as the court did in *Grados*, *supra*, 63 Cal.App.5th at

11   1057.

12          **D.   *Appellant Maintains That The SAJ Is***
               ***Legally Incorrect, Wrongly Decided, And***
13             ***Should Be Considered A Void Judgment***

14          Appellant Chiu has argued that the SAJ impermissibly awards a double

15   recovery to Appellant Li that exceeds the alternative monetary and injunctive relief

16   statutorily authorized by California Civil Code sections 3439.07 and 3439.08 of the

17   UVTA.  More  explicitly put, these provisions permit a judgment creditor to avoid

18   the fraudulent transfer of the property to the extent necessary to satisfy his claim,

19   Cal. Civ. Code § 3439.07(a)(1), *or, as an alternative to the avoidance remedy*,

20   permit the judgment creditor to be awarded monetary damages against the transferee

21   in an amount of the value of the property transferred,  Cal. Civ. Code §

22   3439.08(b)(1)(A).  Further, a monetary judgment against a transferee may be for a

23   portion of the amount of the underlying judgment that the debtor originally sought to

24   avoid instead of for the amount of the value of the asset transferred.  Cal. Civ. Code ,

25   § 3439.08(b)(1)(A).  However, the creditor's recovery against the transferee may not

26   exceed the lesser of the amount necessary to satisfy the creditor's claim (i.e., the

27   amount of the underlying judgment) or a judgment in the amount of the property

28

transferred.  Cal. Civ. Code , § 3439.08(b)(1).

Finally, a monetary judgment for the lesser of the value of the asset transferred or the amount of the underlying judgment may not duplicate in any manner the value of the underlying judgment or its recovery by means of the asset transferred.  *Renda v. Nevarez*, 223 Cal.App.4th 1231, 1237 & n.4 (Cal. Ct. App. 2014).  This principle against double recovery in California law is further embodied in California Civil Code section 3439.07(a)(2), which states that the judgment creditor may obtain "An attachment or other provisional remedy against the asset transferred *or* other property of the transferee."  Notably, this provision does *not* authorize that a judgment creditor may recover *both* against the asset transferred *and* the property of the transferee, which would run afoul of this principle.

Appellee Li complains that Appellant Chiu ignores the so called catch-all relief provision in his argument, which states that the court may award, "Subject to applicable principles of equity and in accordance with applicable rules of civil procedure, the following: . . . Any other relief the circumstances may require."  Cal. Civ. Code § 3439.07(a)(3)(C).  What Appellee Li fails to appreciate is that the word "other" qualifies the word "any" preceding it and modifies the word "relief" after it.  Thus, contrary to Appellant Li's interpretation of the so called catch-all provision, "Any other" relief should logically encompass "any and all" relief *not* already listed in the statute and *exclude* "any and all relief" already listed.

When it comes to the various remedies already listed in the statute, principles of equity serve a limiting rather than an expansive function.  This is well illustrated by the way equitable principles were applied in *Renda v. Nevarez*, *supra*, where the court narrowly interpreted the phrase  "the person for whose benefit the transfer was made," against whom a creditor may obtain a money judgment under section 3439.08(b)(1), as not including and prohibiting a monetary judgment against the original debtor because it duplicated the monetary judgment already against him from the underlying action.  223 Cal.App.4th at 1236-37.  In this regard, the

-18-

California Court of Appeal noted that the entering of a monetary judgment was cast by the statute in permissive rather than mandatory language and cautioned, "In exercising discretion to provide relief from fraudulent transfers, courts are directed by the UFTA to consider 'the principles of law and equity,' which 'supplement its provisions.' (§ 3439.10; . . . .) Hence, a court may refuse to enter a money judgment against a person for whose benefit a fraudulent transfer was made if an applicable legal or equitable principle bars entry of such a judgment." *Id*. at 1237. Such an equitable principle, limiting the relief listed in the statute was, in the *Renda* court's view, the "well-established principle, applied both at law and in equity, . . . that a plaintiff is entitled to only a single recovery for a distinct harm suffered, and double or duplicative recovery for the same harm is prohibited." *Id*.

Incorrectly, the California Court of Appeal in *Yan v. Hearst* analyzed the statutory scheme without considering the limiting nature of this equitable principle on double recovery:

> This case does not present duplicative judgments.  Li did not have a preexisting judgment against Tina and Chiu. Moreover, the trial court ensured that Li would not be unjustly enriched by providing that Li's ' "aggregate recovery shall not exceed [his] underlying judgment." ' The second amended judgment merely gave Li alternative means to recover no more than the amount of his underlying judgment.  Hearst was not negligent in failing to press the 'double recovery' argument.

(Li's Req. Jud. Not. ("LRJN") 148.)  The California Court of Appeal ignores the inequity in permitting Li to recover more than the amount of the asset transferred. Here, the SAJ permits both avoidance and attachment of the transferred property and recovery against the transferee's property without regard to whether recovery might exceed the value of the asset transferred.  Neither does the SAJ state that Li's recovery against Appellant Chiu and other transferees may not exceed the *lesser* of the value of the property or the value of the underlying judgment.  Cal. Civ. Code , § 3439.08(b)(1).

Next, Appellee Li accuses Appellant Chiu's of "selective citations of

-19-

authorities under 11 U.S.C. § 550" to show that avoidance and money damages are alternative, not dually authorized remedies, under the federal statute that most closely parallels the California UVTA. (AB 24.) However, a survey of the on-point authorities reveals that it is Appellee Li, not Appellant Chiu, who is selectively relying on *In re American Way Serv. Corp.*, 229 B.R. 496, 532 (Bankr. S.D. Fla. 1999), which appears to stand alone in holding that both a money judgment and an award of the property taken are simultaneously permissible under 11 U.S.C. § 550(a). (AB 24-25.)

The majority of courts that have considered the issue have held the Bankruptcy Court has wide discretion in which of the two remedies to afford but that these two alternatives are mutually exclusive. *Morris v. Kansas Drywall Supply Co., Inc.* (*In re Classic Drywall, Inc.*), 127 B.R. 874, 876–77 (D.Kan.1991). That is, § 550(a) permits the bankruptcy court to order either the return of the transferred property or the payment of its value. See 5 Collier on Bankruptcy ¶ 550.05 at 550–28 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2002) ("Subsection (d) recognizes the possibility that more than one entity may be liable, but that the trustee's remedy is limited to the recovery of the property or its value, and not damages.").

"Some courts have said the statute gives a preference to the return of property unless it would be inequitable to do so. *In re General Industries, Inc.*, 79 B.R. 124, 135 (Bankr. D. Mass.1987); *In re Morris Communications NC Inc.*, 75 B.R. 619 (Bankr.W.D.N.C.1987), rev'd on other grds., 914 F.2d 458 (4th Cir.1990)." 127 B.R. at 876-77; *see also In re Trout*, 609 F.3d 1106, 1113 (10th Cir. 2010) ("[A]s other courts have also recognized, the language of § 550(a) suggests that the default rule is the return of the property itself, whereas a monetary recovery is a more unusual remedy to be used only in the court's discretion.").

"Other courts have simply read § 550(a) as placing in the court's discretion the choice between return of the property and an award of its value. *In re First Software*

1   *Corp.*, 107 B.R. 417, 423 (D. Mass.1989); *In re Vedaa*, 49 B.R. 409, 411

2   (Bankr.D.N.D.1985)."  127 B.R. at 877; *cf.  In re Taylor*, 599 F.3d 880, 890-93 (9th

3   Cir. 2010) (Bankruptcy court did not abuse its discretion in holding that, to the

4   extent the preferential transfer was avoided, it could award the value of the security

5   interest, instead of the security interest itself; but because the value of the security

6   interest was not readily ascertainable, the correct remedy was to return the security

7   interest to the estate.).  One thing that is clear from the cases construing 11 U.S.C. §

8   550(a) is that, to the extent those cases are persuasive, they do not support the

9   authorization of more than one remedy at a time under UVTA.

10      Appellee Li misinforms the Court that the case of *Filip v. Bucurenciu*, 129

11   Cal.App.4th 825 (Cal. Ct. App. 2005), is "the closest California authority."  (AB 25.)

12   The reason is that, in *Filip*, the trial court's judgment included a finding "[t]hat

13   Defendants [Peter], [Mary], Roxanna Bucurenciu, the Petru Bucurenciu Family

14   Trust, [LLI], Sylvia Bujdei and Titus Bujdei and each of them engaged in a

15   conspiracy to defraud Plaintiff as defined in [the UFTA] causing Plaintiff damages

16   in the amount of his attorney's fees and costs."  *Id*. at 832.  In fact, the trial court did

17   not issue a separate money judgment against the defendants for the value of the

18   fraudulently transferred properties; although it did provide "that Plaintiff may seize

19   or foreclose on any assets owned by any Defendant for satisfaction of Plaintiff's

20   judgment in [the prior litigation (against the transferor defendant Peter Bucurenciu]

21   or this case."  *Id*.

22      The California Court of Appeal in *Yan v. Hearst* minimized the importance of

23   this distinction between absence of a finding of conspiracy among the defendants in

24   the instant case and the holding in *Filip v. Bucurenciu*, *supra*.  (LRJN 148.)  The fact

25   remains, however, that the money judgment that was imposed for attorneys fees and

26   costs in *Filip v. Bucurenciu*, separate from the underlying judgment, would not have

27   been authorized, but for the findings of conspiracy.  Indeed, in the opinion disposing

28   of the first appeal of the instant case (Cal. Ct. App., May 31, 2018, A149849

[nonpub. opn.]), the California Court of Appeal  reasoned that absent a finding of conspiracy, there was no basis to impose attorney fees on the transferee defendants for fees incurred in enforcing a judgment against Yan.  (RJN 44.)  As for comments in *Filip v. Bucurenciu*, *supra*, to the effect that the trial court would have had discretion to hold all defendants liable on the underlying money judgment already entered against defendant Peter Bucurenciu, regardless of the conspiracy, based upon the so called catch-all relief provision of Section 3439.07(a)(3)(C), this analysis is questionable in light of the plain wording of the catch-all provision and the express limits on relief in the language of Sections 3439.07(a)(1)-(2) and 3439.08(b)(1)(A), discussed *ante*.

In other words, it is questionable whether, absent the finding of conspiracy in *Filip v. Bucurenciu*, *supra*, it would have been fair under equitable principles to order all defendants' separate properties subject to seizure and foreclosure to satisfy the amount of the underlying fraud judgment against defendant Peter.  In this case, for example, there was *no* finding of conspiracy between Chiu and the original judgment debtor Dennis Yan.  Yet the State trial court not only set aside the transfer of the subject property, depriving the transferee defendants forever of its value, but also issued monetary judgments against each transferee defendant.  (RJN 27-28.)  It further ordered that the transferee defendants' own separate properties may be sold to satisfy the respective monetary judgments against them.  (RJN 29.)

There is no prohibition on Li collecting both the value of the subject property transferred and the monetary judgments against each transferee defendant.  Neither is there a mechanism ensuring that the sum of the money judgments awarded against the transferee defendants not be in excess of the lesser of the value of the property transferred or the value of the underlying judgment.  The only limitation is that plaintiff's aggregate recovery may not exceed the amount of the underlying legal malpractice judgment that against Yan before the property was transferred.  (RJN 29.)  Thus, the transferee defendants are not only deprived of any value of the

1  subject property but are put in the position of compensating Li for the value of the

2  deprived asset, towards a judgment for malpractice committed by Yan that they had

3  nothing to do with originally, nor conspired with Yan to avoid.

4      In these respects, the instant case poses similar dangers to the ones in *Bonfield*

5  *v. Figlieno*, 2008 Cal.App. Unpub. LEXIS 7398 (Cal. Ct. App., 5th Dist., No.

6  F053701) (Chiu's Req. Jud. Not. ("RJN") 50-59), which Appellee Li insufficiently

7  distinguishes.  (AB 25-26.)  Appellee attempts to distinguish *Bonfield*, based on the

8  fact that the plaintiff in that case already had succeeded in obtaining the benefits of

9  the transferred assets as the result of a sheriff's sale already conducted.  (AB 26,

10  citing *Bonfield*, RJN 58.)  However, Appellee cannot get around the fact that the

11  California Court of Appeal expressly held in *Bonfield* that "[t]he UFTA . . . does not

12  authorize a creditor to invoke both remedies."  (RJN 58 [*Bonfield*, F053701, at

13  *29].)  While Appellee claims that he has not *yet* satisfied the recovered asset, he

14  does not deny that the SAJ fails to forbid that outcome.  The SAJ is as defective as

15  the judgment in *Bonfield* by permitting a double recovery of the value of the asset

16  seized and a money judgment for the same value.

17      At most the intermediate appellate decisions are in conflict, requiring this

18  Court to predict how the California Supreme Court would decide the issue.

19  *Dimidowich v. Bell Howell*, 803 F.2d 1473, 1482 (9th  Cir. 1986), reh'g denied, op.

20  modified, 810 F.2d 1517 (9th Cir. 1987).  Using the more persuasive reasoning of

21  *Bonfield*, *Renda*, and other State cases cautioning against double recovery, as well as

22  the majority of federal cases and a federal bankruptcy treatises interpreting parallel

23  federal provisions and finding that the remedies of avoidance and monetary relief are

24  mutually exclusive, this Court may confidently predict the outcome of the California

25  Supreme Court in favor of Appellant Chiu's position.

26  / / /

27  / / /

28  / / /

**E.**    ***The Bankruptcy Court Should Be Given Opportunity To Exercise Equitable Discretion To Not To Be Bound By The Doctrines Of Res Judicata Or Collateral Estoppel***

If the SAJ is legally incorrect but not void, the doctrines of res judicata and collateral estoppel may still apply to an adversary proceeding properly within the Bankruptcy Court's exclusive jurisdiction.  Under *Lopez*, *supra*, 367 B.R. 99, however, the Bankruptcy Court need not be bound by issue preclusion.  In other words, principles of comity may take the back seat to principles of equity, where a judgment is shown to be legally incorrect or even unfair.

Appellee Li does not address Chiu's argument that, under *Lopez*, *supra*, 367 B.R. 99, 103-04, 108, this Court should remand the proceeding and order that the District Court consider whether issue preclusion should be applied in light of equitable factors.  (AOB 35-36.)  The District Court should not be prevented from determining whether the SAJ is fair in those respects noted in the preceding Section. Holding Chiu liable for the amount of the property transferred is not fair when the property is returned to Yan and available to be sold to satisfy Yan's obligations to Li for malpractice.  Furthermore, holding Chiu and other defendants liable for an amount greater than the value of the property transferred to satisfy the higher amount of the malpractice judgment against Yan, which Chiu had nothing to do with causing or conspired with Yan to avoid, is not in line with "applicable principles of equity" for which California Civil Code section 3439.07(a)(3)(c) authorizes "any other relief."

While appellee vigorously argues against the position that the state court judgment is void under California law, they are incorrect to say that *Rooker-Feldman* deprives the Bankruptcy Court of any discretion to determine not to enforce the SAJ under principles of equity.  *Lopez* teaches that Statutes exist under which the Bankruptcy Court may determine to avoid, disallow, or modify the SAJ for equitable reasons.  Those reasons have been outlined in section VII.E of

appellant Chiu's opening brief and may also include reasons why the alternate remedies awarded under the SAJ, while found to be valid by the State courts of appeal that considered them, may not be fair to enforce against Chiu for equitable reasons.

The arguments made supporting the SAJ's invalidity under State law would also support avoidance, modification, or disallowance under equitable principles. The complaint can be amended to list Bankruptcy statutes that empower the Bankruptcy court to make this determination and to make more explicit the equitable theories upon which Li seeks relief, to avoid the applicable of claim or issue preclusion.

### III.   CONCLUSION

This Court should rule that the Bankruptcy Court erred on the applicability of *Rooker-Feldman*, reach the merits of the validity of the SAJ, finding it invalid, or it should remand to the Bankruptcy Court to decide validity, and give Appellant the opportunity to amend its complaint with theories under bankruptcy laws that provide the Bankruptcy Court with jurisdictional foundation.

DATED: April 11, 2024                              Respectfully Submitted,

*Jeffrey A Needelman*
_____
Jeffrey A. Needelman
Attorney for Plaintiff and Appellant
Simon Thai Ming Chiu

**IV.   *CERTIFICATE OF COMPLIANCE***
*(Fed. R. Bankr. P. Rule 8015(h))*

This document complies with the word limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 6,496 words.

DATED: April 11, 2024                    Respectfully Submitted,

*Jeffrey A Needelman*
_____
Jeffrey A. Needelman
Attorney for Plaintiff and Appellant
Simon Thai Ming Chiu