UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIU,<br><br>        Plaintiff,<br><br>      v.<br><br>LI,<br><br>        Defendant. | Case No. 23-cv-03205-VC<br><br>**ORDER GRANTING APPELLEE'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, AFFIRMING THE JUDGMENT OF THE BANKRUPTCY COURT**<br><br>Re: Dkt. Nos. 5, 8 |

      The motion to dismiss brought by the appellee is granted because the appeal was untimely. Even if the appeal were timely, the judgment would be affirmed based on an independent review of the bankruptcy court's order. This ruling assumes the reader is familiar with the facts, the applicable legal standards, and the arguments made by both parties.

      The appellant's principal brief was due 30 days after the docketing of a notice of the record's availability. FEDERAL RULES OF BANKRUPTCY PROCEDURE 8018(a)(1). That notice was posed on August 16, 2023, so the deadline was September 15, 2023. However, the brief was not filed until December 20, 2023—several months later. The Court has the power to alter deadlines or excuse late filings "by order in a particular case." FEDERAL RULES OF BANKRUPTCY PROCEDURE 8018. But the Court did not issue an order altering that deadline in this case. Moreover, "after the expiration of the specified time period," the Court may allow a late action "on motion . . . where the failure to act was the result of excusable neglect." FEDERAL RULES OF BANKRUPTCY PROCEDURE 9006(b)(1). But the appellant never filed such a motion explaining why the failure to file sooner was excusable and requesting that the Court accept a late filing—

the appellant merely filed the brief three months late without any acknowledgement of the delay.

Moreover, the excuse offered by the appellant for filing the principal brief three months late is that the attorney who wrote the brief was not the attorney of record back in August and only learned of the case in December.[1] However, bringing on a new attorney does not itself excuse the errors of former counsel. In its opposition to the motion to dismiss, the appellant cites multiple cases in which months-late filings were excused, even on the basis of weak and delayed excuses. But those cases do not show that the Court must always accept weak and delayed excuses for late filings. While it would not always be fair in every case to hold the mistakes of counsel against a party, the circumstances of this case (including, as discussed in the appellee's briefs, the fact that the appellant and his relatives appear to be abusing the bankruptcy process) lead the Court to conclude that the late filing was not excusable, and that dismissal is an appropriate remedy.[2]

The Court has also reviewed the bankruptcy court's order dismissing the adversary proceeding, and it agrees with the bankruptcy court's determinations that *Rooker-Feldman* bars consideration of the arguments and that issue preclusion bars relitigating the merits of the arguments. For the same reasons described in Judge Blumenstiel's Tentative Ruling on Charles Li's Motion to Dismiss and Judge Blumenstiel's oral ruling in support of her Order Denying the Motion for Reconsideration, dismissal of the adversary proceeding with prejudice was proper.

---

[1] Counsel also states—in the opposition brief, not in an affidavit—that it's his understanding that appellant's former counsel thought the case might proceed before the Bankruptcy Appellate Panel and so former counsel was waiting for a briefing schedule from that body. But former counsel was listed on the district court docket for this very appeal since it was filed in August, and he would have received a notice of the record transmittal being filed on the same docket. Former counsel was only terminated from the district court docket in December when the principal brief was eventually filed. And were former counsel actually confused, then former counsel should, of course, have filed communicated with the Court about that confusion, rather than sitting back and blowing the deadline.

[2] Appellant asserts that there was no prejudice to the appellee caused by appellant's failure to timely file the principal brief. However, the appellee is attempting to collect on a debt that he has been attempting to collect on for many, many years. Several months delay just represents additional time before he can secure the relief that he has consistently been awarded by other courts. The totality of appellant's conduct, in this action and beyond, smacks of an abuse of process designed to prevent appellee from ever securing that relief. The multiple-month delay is best understood in that context, and thus especially inexcusable.

The appeal is dismissed.

**IT IS SO ORDERED.**

Dated: May 29, 2024

VINCE CHHABRIA
United States District Judge